*288 OPINION of the Court, by
Judge Trimble.
— The first question to be decided is, whether the inferior court did right in dismissing the writ of error coram. vobis, without adjudicating upon the errors assigned in the replevin bond, because no notice in writing of the time and place of making the application to the judge who granted the writ and supersedeas, was produced, or proven in court to have been given i The act of as *289 sembly declares no writ of error coram vobis shall be granted, unless ten days noViee in writing, of the time and place of the application to the judge be given by the party applying, to the adverse party» This act is directory to the judge in the performance of his duty. It is incumbent on him to see that notice has been regularly given before he grants the writ ; it ought therefore to be presumed, although no notice appears filed among the papers, that a notice, such as the act requires, was produced and proved before him ; for the judge must be presumed to have done his duty, until the contrary appears. We may go still farther. What is done by the judge in vacation may be reviewed and corrected in terra time, so far as respects the merits of the controversy. But the notice required by the act, does not at all enter into the merits of the case ; it seems only intended to regulate the conduct of the judge in the exercise of the powers given him in vacation, as to the manner, and not the matter ; and it may be well doubted, whether the court in term time, have any power over the subject. When the case comes into court, the merits of the controversy necessarily come before them ; and to that only should their enquiries be directed.
It was error to dismifs the writ in teim time, becaufe no written notice or proof of service of fuch notice appeared on the file.
A bond returned as a re-plevin bond, on its face executed by a Jeme coverty wife of the principal, is void as to
It cannot have the force of a replevin bond against the fe-curities, when the principal is not bound.
Execution cannot issue on a replevin bond against securities only.
If it be objected that this construction of the act may occasion unjust delays and vexation, by obtaining writs of error coram vobis without notice, we answer that that is not to be apprehended, because the judge could not grant the writ without proof of the notice required by the act, without being guilty of gross inadvertance, or culpable dereliction of duty, which ought not to be presumed ; besides, the dismission of the writ because the notice is not produced in court, will not remedy the mischief, for the delay will have taken place before the motion to dismiss can be made. This case is not like those summary remedies created by statute, where final judgment is given upon notice. In them the notice is in the nature of process to bring the party into court, and if either no notice, or an insufficient notice be given, the party’s interest might be finally compromitted without an opportunity afforded him of being heard in his defence,; the notice should therefore always appear. In the present case, the writ of error being served upon the party, will always warn him to appear and make *290 his defence in court, and there is no danger of his ⅛ terests being finally concluded without the opportunity of defence.
We are therefore of opinion, the inferior court erred in dismissing the writ of error coram vobis, without adjudicating upon the errors assigned.
Upon the other errors assigned, it will be sufficient to observe, that the replevin bond appearing upon its face to have been executed by a feme covert, the wife of the defendant in the execution, must be deemed null and void, as a replevin bond ; and this objection was assigned for error as well in the inferior court as in this court. Whether the bond will be good against the securities as a bond at common law, so as to support a common law action, need not now be decided ; but it cannot be good as a replevin bond, under the statute, against some of the obligors, unless it be good against all, for execution cannot issue against the securities only.
Judgment reversed.