CASE 109—PETITION ORDINARY—DECEMBER 13.

# McAllister v. Connecticut Mutual Life Insurance Company.

| 78 | 531 |
| 101 | 714 |

| 78 | 531 |
| 109 | 259 |

| 78 | 531 |
| 110 | 467 |

| 78 | 531 |
| 136 | 851 |

### APPEAL FROM JEFFERSON COMMON PLEAS COURT.

1. Neither a motion for a new trial nor a bill of exceptions is necessary, even in a case tried by a jury, to enable the unsuccessful party to maintain an appeal to this court.

2. The only office of a motion for new trial and bill of exceptions is to bring into the record matters for review that would not otherwise appear in it.

3. Grounds for a new trial can only be filed by order of the court, entered upon its order-book, and they should be indorsed filed. They thus become a part of the record without being spread upon the bill of exceptions.

4. The stenographer's report of the evidence is in no way identified as a part of the record, and cannot be noticed as such.

5. Although there is no proper bill of exceptions showing that it contains all the evidence, the instruction requiring appellant to make diligent search for her husband immediately after she was advised of his disappearance certainly ought not to have been given. No evidence would authorize it under the policy of insurance sued upon.

6. The other instructions cannot be considered, because of the failure to show that the evidence is fully before the court.

WM. LINDSAY, G. W. CRADDOCK, S. F. J. TRABUE, AND E. F. TRABUE FOR APPELLANT.

1. The stenographer's report is not before this court, and there is nothing here to show that it is not signed; but the judge attached it to the bill of exceptions, and thereby identified it.

2. Appellant is not bound to set out all the evidence in the bill of exceptions, unless he wishes to reverse upon the ground that the verdict is against the weight of evidence. (1 J. J. Mar., 57; Ib., 300; Easley v. Easley, 18 B. Mon., 93; Trabue v. Jennings, MS. Opin.)

3. The motion for a new trial was entered of record, and the grounds filed in court. This made them part of the record. (Civil Code, sec. 343; Ib., 337, 342.)

4. Appellant's motion to strike out the fifth paragraph of appellee's answer should have been sustained.

5. The court erred in refusing to give instruction ten. (Ins. Co. v. Norton, 244.)

6. It is now well settled that there is no presumption as to the time of death. (29 W. & W., 894; 4 Wharton, 150; 1 Greenleaf on Ev., 41; Stephen on Ev., 128; 62 Mo., 26; 26 Iowa.)

BULLOCK & ANDERSON FOR APPELLEE.

1. There is no sufficient record before this court to warrant an appeal. The stenographer's report of the evidence heard on the trial has never been attested by the judge. (Sec. 9, act of March, 1872, in regard to report of evidence; 2 Ark., 20; Young v. McDowell, 7 Bush, 474; 4 Wash. C. C. Rep., 698; 1 Minn., 299; 2 Litt., 370; 4 Mar., 429; Harper v. Harper, 10 Bush, 451; Wright v. Nichols, 303; 38 Ill., 197; 73 Ib., 503; Ark. Dig., secs. 4688, 4689, 4690, 4691, 4692; Civil Code, secs. 340, 341.)

2. The first and second errors assigned were not included in the grounds for a new trial.

3. The court properly refused to give the instruction mentioned in the fifth assignment of errors. (Lou. & Port. Canal v. Murphy, 9 Bush, 530; Wilson v. Hunt, 6 B. Mon., 379; 1 Chitty, 673.)

4. Instruction six was properly given. (1 Otto, 510; 22 Wall., 47; Farmers' and Drovers' Bank v. Curry, 13 Bush, 312; 12 Bush, 29; 63 N. Y., 404; 61 Ib., 571.)

BARRET & BROWN FOR APPELLEE.

1. The face of the alleged bill of exceptions shows that it does not contain all the evidence. (Code, sec. 335, subsec. 1; Kinkead v. Wilson, Pr. Dec., 172; Wickliffe v. Carroll, 14 B. Mon., 139.)

2. There being no proper bill of exceptions, it is to be presumed that the evidence justified the finding of the jury. (Wilson v. Hunt, 6 B. Mon., 381; Huffaker v. Nat. Bank of Monticello, 13 Bush, 647.)

3. That the bill of exceptions does not purport to embody any motion or grounds for a new trial is a further reason for dismissing the appeal. (2 Litt., 370; 1 Ib., 254; 3 A. K. Mar., 429; 2 Ark., 450; 30 Ib., 590; 37 Mo., 34; 38 Ill., 503; 73 Ib., 372; 33 Mo., 148; 1 Bibb, 303; 13 Bush, 607.)

4. There is no error in the instructions for appellee.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant brought this action against the appellee on a policy insuring the life of her husband, Robert B. McAllister, for her benefit.

Verdict and judgment were rendered against her, and she has appealed.

The appellee has moved to strike from the record what purports to be a bill of exceptions, and to dismiss the appeal, because—

(*a*) There is no proper or sufficient bill of exceptions.

(*b*) It does not appear from the record that any motion for a new trial was made, or grounds filed in support of such a motion.

(*c*) There is no sufficient record to warrant an appeal.

It appears by an order of the court, copied into the transcript, that the plaintiff "tendered to the court a bill of exceptions which, being signed and sealed by the court, is ordered to be filed and made part of the record herein, which was done."

Then follows what purports to be the bill of exceptions referred to in the foregoing order.

It is in the usual form, and is signed by the judge presiding at the trial, and must be held to be properly a part of the record in this court.

Whether it is not so defective that it does not bring before us the errors complained of is another question; but as it is made a part of the record in the usual manner of incorporating bills of exceptions into the record, the motion to strike it out must be overruled.

Nor could we dismiss the appeal if the motion to strike out the bill of exceptions were sustained, and there had been no motion for a new trial. Neither a motion for a new trial nor a bill of exceptions is necessary, even in a case tried by a jury, to enable the unsuccessful party to maintain an appeal. (Harper v. Harper, 10 Bush, 447.) The only office of a motion for a new trial and a bill of exceptions is to bring into the record for review matters which would not otherwise appear in it.

Nor can we concur with learned counsel that it does not. appear in the record that any motion for a new trial was. made or grounds filed in support of such a motion.

It appears from one of the orders of the court, copied into. the transcript, that "the plaintiff moved the court, on grounds. in writing filed, to set aside the verdict of the jury and judg-- ment, and grant her a new trial herein," and the written. motion and grounds for a new trial are copied into the tran- script. But neither appears in the bill of exceptions, and, because they do not, counsel insist they are not part of the record in this court, and they cite in support of their views Dorris & Head v. Callow & Son (2 Litt., 370) and Wright v. Nichols (1 Bibb, 303), as well as several decisions of the supreme courts of other states.

. The first of the above cases was an appeal from a judg- ment dismissing a writ of error, *coram nobis*, sued out to· quash an execution and replevin bond.

A bill of exceptions was taken to the decision, stating that the court below did not travel into the merits, but quashed and dismissed the writ of error, because the notice was in- sufficient.

This court said the notice was not made part of the excep-- tions, and it could not therefore determine whether it was sufficient or not; that it was true a notice was copied by the clerk which he stated was the notice filed with the petition· and order of the judge, but this filing made it no part of the record.

The opinion does not show that the notice was filed in· court by order of court entered on the record, and the state- ment of the clerk that the notice was filed with the petition; and order of the *judge*, shows that it was not.

The notice referred to was of the application to the judge, out of term, to grant the writ of error. (Woodruff v. Perkins, 1 Bibb, 288.) And consequently it was clearly no part of the record unless made so by bill of exceptions.

It was not notice of a proceeding in court, and we presume no case can be found in which this court has held or intimated that if notice be given of a motion to be made *in court*, and the order of the court shows that the notice was filed and the motion made, that the notice forms no part of the record, unless made so by bill of exceptions.

In the second case, the court said it might be remarked that no bill of exceptions was taken to the opinion of the court overruling the motion for a new trial, and therefore they could not say the court erred in overruling the motion; but the court did not say that, because no bill of exceptions was taken, it did not appear that a motion for a new trial had been made, or that grounds in support of such a motion had not been filed. On the contrary, what the court said clearly indicates, that although there was no bill of exceptions, there was enough in the record to show that such a motion was made, and grounds in support of it were filed; but because there was no bill of exceptions, there was nothing to sustain the grounds assigned.

The cases cited from the decisions of other courts go very far, it must be admitted, to support the views of counsel; but they contravene a long and well established practice in this state which has been acquiesced in by both bench and bar until it would produce great confusion and much injustice now to disturb it.

Our Code (section 343) provides that the application for a new trial "must be by motion, upon written grounds *filed* at the time of making the motion."

Such motion and grounds can only be filed by order of the court, and the fact that they are filed is always entered on the order-book, and the motion and grounds are, or should be, indorsed filed, and when this is done, the motion and grounds become a part of the record for the purposes of an appeal, and there is no necessity that they should be included in the bill of exceptions.

From the bill of exceptions it appears, "that on the trial of this action the plaintiff offered and had sworn the following witness: Sarah J. McAllister (and others, naming them), who testified to the jury as hereinafter set out in stenography report *hereto attached;*" and that "the defendant then offered and had sworn" certain named witnesses, "who testified to the jury as hereinafter set out in the stenographer's report *hereto attached.*"

No other reference is made in the bill of exceptions to the stenographer's report. It is not designated by any mark by which it can be identified.

All that is said of it is, that it is "*hereto* (*i. e.*, to the bill of exceptions) *attached.*"

Although, as contended by counsel for the appellant, we must assume that the stenographer's report was attached to the bill of exceptions because the judge so certifies, yet no such report now appears in the bill of exceptions or attached to it. What purports to be the original stenographer's report of the testimony of the witnesses named in the bill of exceptions has been brought up on *certiorari;* but there is nothing in or upon it to identify it as the report referred to by the judge as attached to the bill of exceptions; and as it is thus unidentified, we cannot consider it as having been made a part of the record by the bill of exceptions.

It is next claimed, though not much insisted upon, that the stenographer's report is made part of the record by an act authorizing the appointment of official reporters for the courts in Jefferson county.

That act provides (section 2) that the transcripts of evidence made out by the reporters shall be filed among the papers to be used in making up bills of exceptions for this court; and (section 6) that the testimony of any witness taken by said reporters in any case shall constitute a part of the record of the case; and also (section 9), that any of said reports, when attested by the judge before whom the trial was had, may be brought to this court to be used upon an appeal without being copied.

But it is obvious that, in order to make a writing purporting to be such a report part of the record, there should be some evidence showing it to be what it purports to be; and that section nine does not dispense with the necessity to have it incorporated into the bill of exceptions, or so marked and referred to therein that it can be identified. The only effect of that section is to allow the original to be sent up instead of a copy, and the original cannot be used in any case in which a copy could not be used.

The writing before us is not attested by the reporter, the judge, or any one else, and it cannot, in its present form, be received here or elsewhere as evidence for any purpose.

We are therefore without a bill of exceptions showing all the evidence heard on the trial, and counsel for the appellee contend that we must presume there was sufficient evidence upon which to base the instructions given, and that the evidence did not warrant the giving of those that were refused.

That this is true as a general rule does not admit of doubt. But it is contended, and we think successfully, that one of

the instructions given for the appellee could not have been authorized by any evidence that could have been introduced, and consequently that it furnishes sufficient ground for a. reversal even in the absence of a part of the evidence.

The evidence in the bill of exceptions conduced to prove that the insured suddenly disappeared in June, 1870, and has not been heard from since by his family and friends.

The court gave to the jury the following instruction on the motion of appellee:

"The jury are instructed that it was the duty of the plaintiff, as claimant of the sum insured by the policy sued on, to make diligent search and inquiry for the missing R. B. McAllister immediately after she was advised of his disappearance, and to communicate all the facts or information known to her relative to such disappearance to the defendant company within a reasonable time."

There is no stipulation in the policy, nor is there any rule· of law which made it her duty to make search for her husband or to communicate to the company any information she may have had on the subject.   And, moreover, if either the law or the contract required her to do so, there was no. allegation in the pleadings that she had not done so, and, consequently, she was not called upon to show that she had done her duty in that regard.

Counsel cite, in support of the instruction, Insurance Company v. Moore, 34 Mich., 41.

In that case the insured disappeared, and was not afterward heard from.   The company requested the court to charge in respect to the necessity of diligent search and inquiry for· the missing man.   This request, though not acceded to in the language desired, was substantially granted.   The jury found for the assured, and the company appealed.

Upon appeal, the supreme court expressed no opinion on the point, merely remarking that the refusal of the court to charge as requested was not excepted to, and that the request was substantially granted.

That the assured failed to communicate to the company the facts known to her respecting the circumstances of her husband's disappearance may be a proper matter for the consideration of the jury in- determining whether he died before the expiration of the policy. But at best it is but an argument, and should not be embodied in an instruction. Instructions should always be hypothecated upon material facts which the evidence conduces to prove, and should not extend to mere abstract propositions or principles of law.

The policy contained this provision, viz:

"This policy is issued and accepted upon the following express conditions and agreements:

"1. That the answers, statements, representations, and declarations contained in or indorsed upon the application for this insurance, which application is hereby referred to and made a part of this contract, are warranted by the assured to be true in all respects, and that, if this policy has been obtained by or through any fraud, misrepresentations, or concealments, then this policy shall be absolutely null and void."

This part of the policy was set forth *in haec verba* in the petition.

In the third paragraph of the answer the appellee alleged "that the statements made by the said Robert B. McAllister, in his application to this defendant for insurance, were untrue in this: that he stated that he had other insurance on his life, to-wit: a policy in the New York Life Insurance Company for the sum of ten thousand dollars, when, in truth

and in fact, there was no such policy on his life at the time of said application."

In her reply to this part of the answer, the plaintiff denied that said representation was false, and alleged that, at the time of making said application, "there (was) insurance upon his, the said Robert B. McAllister's, life in said New York Life Insurance Company, to the amount of ten thousand dollars, as stated by said Robert B. McAllister, and that for said insurance there was a policy."

The appellant asked the court to instruct the jury "that the defendant does not deny that the representation made by R. B. McAllister that his life was insured in the New York Life Insurance Company, in the sum of $10,000 (was true), and they will therefore treat said representation as true."

But the court refused to give the instruction.

In his application McAllister said he was *insured* in the New York Life Insurance Company in the sum of $10,000, but did not say he held *a policy*.

The ground upon which the instruction was asked is, that McAllister said he was *insured*, but did not say he held *a policy;* and as the allegation in the answer is, that there "was no such *policy*," the answer did not negative his statement, because there may have been *insurance* without a policy.

However this might have been, if there had been no reply, we are of the opinion the plaintiff cannot now insist upon taking it as established by the pleadings that McAllister did have the insurance he represented that he had.

The appellee tendered the issue whether he held a *policy* of insurance or not, and the appellant accepted the issue as tendered, which shows that she did not rely upon the distinction now attempted to be drawn; and having proceeded to

McAllister v. Connecticut Mutual Life Insurance Company.

trial upon the issue tendered, without objecting to it in any form, she was properly held to abide it.

On account of the fact that a part of the evidence heard by the jury is absent from the record, we cannot consider the other instructions given or refused, and do not mean to intimate an opinion whether they are correct or not.

For the error in giving instruction number eight, the judgment is reversed, and the cause is remanded for a new trial.

# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1880.