# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## APRIL TERM, 1901.

CASE 50—ACTION FOR MANDAMUS—APRIL 11.

## Winchester & *Stoner Turnpike Co. v. Evans, Judge.

APPEAL FROM CLARK CIRCUIT COURT.

JUDGMENT FROM DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

BILLS OF EXCEPTIONS—PROCEEDING IN COUNTY COURTS.

Held: As an appeal from the County to the Circuit Court in a proceeding by the Fiscal Court of the county to condemn a turnpike road must be tried *de novo* in the Circuit Court, no bill of exceptions is necessary, and therefore the county judge properly refused to sign such a bill; a party having no right to a bill of exceptions except for the purpose of an appeal.

B. F. BUCKNER, ATTORNEY FOR APPELLANT.

This is an appeal from the Clark Circuit Court in an action for a mandamus brought by the appellant to compel the appellee to sign a bill of exceptions.

The petition alleges that the Fiscal Court of Clark County, proceeding under the late act of the General Assembly on the subject of free turnpikes, filed a statement in the clerk's office, that it had been unable to enter into a contract to purchase the appellant's turnpike. Commissioners were appointed and returned a report into court that they were of no value. Exceptions being filed a trial was had and certain exceptions to the rulings of the court were made by the appellant during the trial, and the jury having found a verdict in these words: We, the

(463)

jury find the value of 132-248 of the Winchester & Stoner Turnpike Road to be $450, the court rendered judgment for the condemnation of the road, according to the terms of the act. Thereupon the turnpike company presented a bill of exceptions, and asked the judge (the defendant Evans) either to allow and sign said bill as prepared, if correct, or if in any particular incorrect to correct it, so as to conform to the facts. The court refused to sign the bill or to alter it, assigning as a reason, that the attorney for the Fiscal Court had advised him not to do so.

A motion was made for a new trial, which was overruled by the court to which the defendant excepted, and the court rendered judgment confirming said report directing how and to whom said money so found should be paid or tendered to the parties named, or paid into court, and when this was done that said Clark county and its Fiscal Court shall take possession of and control said Winchester & Stoner Turnpike, and its franchises.

The turnpike company after the termination of proceedings in the County Court brought this suit for a mandamus.

To this petition a demurrer was filed which was sustained by the special judge, who tried the case and the petition dismissed and the company has appealed.

### LIST OF AUTHORITIES CITED.

2 Cokes' Institutes, 427, 428; 2 Bacon's Abridg't, 115 (ed. of 1860); 2 Jones, 117; 2 Lev., 237; Skinner 356; 2 Shower, 147; Burrow, 81; 1 Gaines, 511 (N. Y.); 2 Caines, 97; Fox v. Montecello, 83 Ind., 483; Powell on Appellate Proc., 211, 215; Sess. Acts., 1896, 39; Act West., 2, 13 Edw., 1, 31; Elliott Co. v. Kitchen, 14 Bush., 289; Ohio Co. Ct. v. Newton, 79 Ky., 267; Kelley v. Toney, 95 Ky., 338; Schmidt v. Mitchell, 95 Ky., 342; Wolftange v. McCullom, 83 Ky., 177; Vance v. Field, 89 Ky., 178; Shine v. Ky. Central R. R., 85 Ky., 177; Commonwealth v. Boone Co., 82 Ky., 227; 1 Stat. Law (M. & B.) 612.

HATHAWAY & HODGKIN, FOR APPELLEE.

It is true as stated by counsel for appellant that after the trial in the Fiscal Court was concluded, the verdict rendered and judgment entered, said counsel presented to appellee what he claimed to be a bill of exceptions, which the order of the court recites. "The defendant herein offered to file a paper purporting to be a bill of exceptions, which the court declined to examine, sign, or allow to be filed and made part of the record."

It is true the court overruled the motion for a new trial and directed the payment of the $450, given by the jury in their

verdict to the parties entitled thereto, and the said parties accepted the money and declined to appeal.

The aforesaid Act—I mean the Free Turnpike Act—provides that "If sufficient cause be not shown for setting aside the verdict the court shall render judgment in conformity thereto, and shall make such orders as may be proper for the conveyance of the title upon the payment of the damages assessed. Either party may appeal to the Circuit Court by executing bond as required in other cases, within thirty days, and the appeal shall be tried *de novo*."

As there was no necessity for a bill of exceptions, the appellant had no right to demand one, and the judge had no right to sign one, and therefore mandamus does not lie.

### AUTHORITIES FOR APPELLEE.

Free Turnpike & Gravel Road Act, March 17, 1896; Ky. Stats., sec. 839, 840; Ky. Constitution, Art. 8, sec. 8; Boyd v. Randolph, 91 Ky. Reports, 477.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Under the act approved March 17, 1896, entitled "An act to provide free turnpike and gravel roads" (Acts 1896, c. 27), the Clark County Fiscal Court, being unable to enter into a contract with the owners of the Winchester & Stoner Turnpike Road Company, began on January 2, 1899, proceedings in the Clark County Court for the assessment of the damages the owners of the turnpike were entitled to receive for it. The commissioners appointed by the county court reported that the pike was of no value. To this report exceptions were filed, and the case was then tried before a jury, who returned the following verdict: "We, the jury, find the value of the 132-248 of the Winchester & Stoner Turnpike Road to be $450." Judgment was entered upon this verdict, and the motion of the turnpike company for a new trial was overruled. No appeal was taken from the judgment, but the turnpike company tendered a bill of exceptions, and moved the county judge to

sign it and order it filed as a part of the record. This he refused to do. The turnpike company then filed this suit against the county judge in the Clark Circuit Court to obtain a mandamus compelling him to sign and file its bill of exceptions. The record of the former case is set out in the petition. It is also alleged that the judge of the county court stated when he refused to sign the bill that it was correct; that he was asked either to allow and sign the bill if correct, or to conform it to the truth if incorrect, but refused to do either, for the reason that the counsel for the fiscal court had advised him not to do so; that the turnpike company owed debts which were unpaid, and the entire value of its property should have been assessed; that it did not desire to appeal from the judgment, for reasons which on the advice of its attorney seemed good to it, but it did desire that the record should show that only the interest above stated in the road was condemned; and that it was necessary to have its bill of exceptions made part of the record, in order that the true effect and operation of the verdict might appear of record. There were 248 shares of stock in the turnpike. Of these, the county owned 116. The purpose of the bill of exceptions seems mainly to have been to incorporate into the record the instructions of the court to the jury to the effect that they should find the actual value of 132-248 of the turnpike sought to be taken. The court below sustained a demurrer to the petition, and refused to award the mandamus.

By section 15 of the act referred to, the trial, upon exceptions to the report by either party, and the appeal therefrom, shall be the same as provided by sections 839, 840, Kentucky Statutes. By section 839 the appeal in such cases must be tried *de novo* in the circuit court. No bill of exceptions as to what was done in the county court

was therefore necessary for an appeal, and we know of no provision of law requiring inferior courts to sign and file of record a bill of exceptions of their proceedings in such cases. Such a bill could not be considered for any purpose in case of an appeal. The purpose of the law in requiring appeals from the inferior courts to the circuit courts to be tried *de novo* is to avoid the necessity for bills of exceptions. If a bill of exceptions may be required in this case, it may be, also, in every case tried before a magistrate. Such a rule would embarrass, rather than aid, the administration of justice. As we understand the record, all the facts as to what was determined in the case referred to appear substantially from the verdict of the jury, the judgment of the county court, and the record of the case. But, if this is not true, the truth may be shown by evidence as to what was determined, if this is ever drawn in question; and appellant may have the evidence perpetuated, if necessary to its protection. In 3 Enc. Pl. & Prac. p. 280, the rule is thus stated: "A bill of exceptions does not lie in special statutory actions unknown to the common law, unless expressly made applicable thereto. Nor will it lie to decisions of courts of inferior jurisdiction, as the court of a justice of the peace." In McAllister v. Insurance Co., 78 Ky., 533, this court said: "The only office of a motion for a new trial and a bill of exceptions is to bring into the record for review matters which would not otherwise appear in it." As no bill of exceptions was necessary to review the proceedings of the county court, which were wholly statutory, the county judge properly refused to sign the bill, and the court below did not err in refusing the mandamus sought by appellant. Moline, Milburn & Stoddard Co. v. Curtis, 38 Neb., 520 (57 N. W., 161); Baer v. Otto, 34 Ohio St., 11. Judgment affirmed.