## Butcher et al. v. Corbin Hardware & Furniture Company.

(Decided June 24, 1932.)

STEPHENS & STEELY and GRAY & FEATHER for appellants.

POPE & UPTON, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

Some time ago the appellee recovered of the appellant Chas. A. Butcher a judgment for $126.50, with interest thereon from July 17, 1922, until paid, and $14.55 costs. In February or March, 1931, an execution was issued on this judgment and levied by the sheriff on a Chevrolet sedan as the property of Chas. A. Butcher. His mother, the appellant Maggie Butcher, claiming to be the owner of the car, executed a claimant's bond as provided by section 645 of the Civil Code of Practice, with the appellants W. B. Butcher and G. B. Killinger as sureties; the amount at this time due on the judgment and involved being $235.44. In due course of time, the appellee pursuant to section 648 of the Civil Code of Practice served notice on Chas. A. Butcher, W. F. Butcher and Maggie Butcher, notifying them that on the 14th day of October, 1931, it would move for a judgment on this claimant's bond. In accordance with this notice, the appellee did on the 14th day of October move for such judgment against those whom it had so notified. The court, in accordance with the provisions of section 648 of the Code, impaneled a jury to try the issues involved, and, as section 449 of the Civil Code of Practice permits, the issues were tried and determined without written pleadings. The court put the burden of proof on Mrs. Maggie Butcher, and at the close of her case he peremptorily instructed the jury to find a verdict for the appellee. The judgment entered on that verdict ran against not only Mrs. Maggie Butcher and W. F. Butcher, but also against G. B. Killinger, although he was not included either in the notice or the motion. From this judgment the Butchers and Killinger have prayed an appeal.

Counsel for appellee in their brief set out a lot of things which they claim went on at the trial and which they say do not appear in this record because of the absence of written pleadings. It is perfectly obvious, however, that this court cannot consider these matters or

anything but what appears in the record. If anything transpired at the trial which the appellee thought supported its contentions and which was not of record, it ought to have been embodied by the appellee in the bill of exceptions. As stated in Crouch v. Commonwealth, 238 Ky. 5, 36 S. W. (2d) 653, 655,

> "The office and purpose of a bill of exceptions is to bring into the record for review on appeal matters which would otherwise not appear in it. McAllister v. Connecticut Mutual Life Insurance Co., 78 Ky. 533; Harper v. Harper, 10 Bush (73 Ky.) 447; Simons v. Pearson, 61 S. W. 259, 22 Ky. Law Rep. 1707; Stagg Co. v. Brightwell, 92 S. W. 8, 28 Ky. Law Rep. 1220; Thompson v. Commonwealth, 122 Ky. 501, 91 S. W. 701, 28 Ky. Law Rep. 1137; Stepp v. Hatcher, 67 S. W. 819, 23 Ky. Law Rep. 2441."

The appellee is bound by the bill of exceptions as it appears in this record.

As to the appellant Killinger, the judgment will have to be reversed. He was not before the court on this motion by notice or otherwise. The judgment will also have to be reversed as to the Butchers. On the trial of this motion, the execution defendant, Chas. A. Butcher, offered to prove that he had paid the judgment upon which this execution issued in full at a time later than the date of the judgment. For some reason unknown to us, the court sustained the objection to the introduction of this evidence, and thereupon the witness avowed that he had paid that judgment after it had been rendered. If the execution defendant had paid the judgment after it had been rendered, such payment would be a defense to to this proceeding. As to whether the court correctly instructed the jury peremptorily to find for the appellee on the issue as to whether Mrs. Maggie Butcher was the owner of this Chevrolet at the time it was taken under the execution or not, we pass no judgment at this time, since the evidence on this question may not be the same on the next trial.

The motion for an appeal is sustained, the appeal is granted, and the judgment is reversed.