## Westcott et al. v. Mansbach.

Nov. 10, 1939.

Waugh & Howerton for appellants.

Hannah, VanSant & McKenzie for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

This case has been before us on two prior appeals under the title Humphrey v. Mansbach, 251 Ky. 66, 64 S. W. (2d) 454, and 265 Ky. 675, 97 S. W. (2d) 573. The death of parties in interest since this, the third appeal, has occasioned the change in title.

As may be seen by reference to the former opinions, the matter in controversy related to the building of a fence by Dr. Humphrey between his lot and the lot of adjoining owners, the Mansbachs. The fence as first erected was a legal fence, but encroached slightly on the Mansbach property. Later it was transformed into what is termed a "spite fence," by addition of boards placed close together, and so that the height of the fence was raised to about eight feet.

Seeking damages both for the trespass and the building and maintaining the spite fence, the Mansbachs recovered judgment for $674, covering damages for the two claimed injuries. We reversed the judgment for reasons set out, the chief error being the submission of the case under instructions which failed to give the jury proper directions as to the measure of damages. The case was remanded and on a second trial the jury, under separate instructions, found for plaintiffs, $1,999.99 for nuisance and one cent for trespass. When the case came here again this court held that the nominal damage for trespass had been properly assessed, but that the sum awarded for the nuisance was excessive and reversed on this ground, at the same time making a suggestion that on another trial certain words be omitted from instruction No. 2.

On the third trial there was a judgment for $200 for trespass and $1,000 for the alleged damage caused by the erection and maintenance of the spite fence. The record shows that appellees moved the court to, and it did by order and judgment, remit all save one cent of the $200 allowed for the trespass.

As the case comes before us on this, the third appeal, the two-fold grounds urged for reversal are:

"(1) The court abused its discretion in refusing continuance of the case on motion of defendant.

"(2) The verdict is flagrantly against the evidence; the result of bias and prejudice, and is excessive."

At the outset we are to consider a contention of ap-

pellee, that since there is no bill of exceptions presented, we are to be confined to the consideration of one question; whether or not the pleadings sufficiently support the judgment. Clark v. Wallace Oil Co., 155 Ky. 836, 160 S. W. 506, and cases cited; Royal Collieries Co. v. Wells, 210 Ky. 600, 276 S. W. 515; Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292

In the cases supra, and others which might be cited, we have held that the statutory requirements as to filing a bill in the manner and within the time required are mandatory, and that in the absence of such bill, or if there be one which is stricken for some valid reason, we can only consider the pleadings to determine whether or not they support the verdict.

The record before us contains—as admitted by appellants—no bill of exceptions, nor is there an order tendering, or manifesting a signing and settling by the trial court as is required.

In response to appellee's contention, it is argued that since this is the third appeal, and that under Rule 15 of this court the records on the former appeals have been placed with the present record, the court may observe and consider bills in those records upon this appeal. In support of this contention Gardner v. Continental Ins. Co., 125 Ky. 464, 101 S. W. 908, 31 Ky. Law Rep. 89, is cited. That opinion did not refer to omission of a bill of exceptions. There was a bill of exceptions, but it appeared that there had been omitted a policy which had been filed as a part of the petition in another suit, marked "Exhibit A." In copying the record the clerk certified that such exhibit was not filed, hence not included in the transcript.

There was no motion to strike the bill before submission of the case, but argument was made that it should be stricken, and we held that by such failure appellee had waived the irregularity. The court considered the policy in determining sufficiency of the pleadings. This citation has no bearing on the question here presented, since the omitted paper there to be considered was made a part of the pleadings, by proper order of court, hence it was not necessary to include it in the bill of exceptions. But no such situation exists here, there being no bill of exceptions of record.

It would do violence to rules of procedure for us to

go back to the former transcripts and take the bill or bills and consider them in determining whether the verdict was excessive or flagrantly against the evidence. It is true that the case was submitted to the jury on depositions used on the former trial, but we are not to overlook the fact that the case was not submitted on the same proof, since the schedule addressed by appellants to the court clerk recites:

"You are requested to furnish to the defendants a complete certified copy of the entire record in the above styled case, and the evidence as corrected by the court upon the last trial of the case, the record to start from the last mandate filed."

It is thus apparent that there was alteration in or omissions from the depositions, and we have no means of knowing what those changes were, since they are not identified in any manner whatever; in one brief filed it is said:

"On the third trial certain corrections were made in the depositions, i. e., portions of the depositions of certain witnesses were not read to the jury."

The direction to the clerk, and this statement, demonstrate the necessity for a bill of exceptions on this appeal.

We also note that there is no trial order evidencing an agreement to try the case the third time on the original depositions; nor is there order filing same on the third trial. The depositions are not mentioned in any order.

In the case of Royal Collieries Co. v. Wells, supra, appellant contended that a transcript of evidence heard on a former trial was by agreement filed as a bill of exceptions to be considered on appeal, and relied on an order noted in the opinion. We held that the order was insufficient for that purpose, and sustained appellee's motion to strike, thus showing necessity for an order filing the bill of evidence. In Louisville & N. R. Co. v. Finley, 86 Ky. 294, 5 S. W. 753, 9 Ky. Law Rep. 660, and Harlan v. Howard, 79 Ky. 373, we held that depositions used on a trial as evidence could not be considered by the court unless embraced in the bill or identified by the court, and so as to depositions copied in the record, but not embraced in the bill.

We may consider the other ground urged as re-

versal, i. e., the refusal of the court to grant continuance on defendant's motion, since the steps taken and the court's ruling are shown in the record by appropriate orders. The office of a bill of exceptions is to make part of the record such matters as transpire during a trial which do not appear on the order book of the court. Butcher et al. v. Corbin Hardware & Furniture Co., 244 Ky. 632, 51 S. W. (2d) 931; Domestic L. & A. Ins. Co. v. Smith, 259 Ky. 158, 82 S. W. (2d) 293. When an order, exception or objection appears on the order book, and copied in the record, it is not essential that such should be again copied in the bill of exceptions. McAllister v. Ins. Co., 78 Ky. 531; Hiles v. Com., 235 Ky. 476, 31 S. W. (2d) 714.

The motion was supported by affidavit of Dr. Humphrey to the effect that he was ill and could not appear at the time of trial, so as to be of assistance to his counsel, or to testify in his own behalf. It was said that if continuance be allowed he would be able not only to testify, but to introduce other proof in his behalf, and he asserted that it was his belief that he would be able to appear at the succeeding term. His affidavit as to physical condition was supported by a statement of an attending physician.

In written response by appellee's counsel, it was said that at the preceding term of court, hearing was continued on the ground of Dr. Humphrey's illness, and that counsel for defendants had stated that while he was then ill, "if he were not better at this term of court he would try without him." It was pointed out that the case had been prepared and twice tried upon depositions, and that Dr. Humphrey's deposition was in the record; that on each occasion he was present in court and did not offer to testify. The response was not controverted.

The court overruled the motion, stating that "at the last term of this court this cause was continued by agreement, and it was agreed by the parties that the case would be tried at this term of court, regardless of the Doctor's physical condition," and the hearing of the case was set for four days hence. There was neither objection nor exception to the court's ruling, nor was the motion renewed when the case was called four days thereafter.

On the merit of counsel's contention we are of the

opinion that the court did not abuse his discretion in overruling the motion. The affidavit for continuance was not sufficient to justify further delay. As we view the case, we can see no reason why the defendants were prejudiced by the Doctor's absence. It is not pointed out in what manner, or to what extent he might have been of assistance to counsel. There was no showing as to wherein he desired to, would or could strengthen his evidence, nor as to what proof tending to aid him in defense he might if granted time, be enabled to introduce; the affidavit failed to show materiality of evidence, due diligence, or facts which might have been proven by new witnesses. Civil Code of Practice, Section 315, and notes.

It remains only for us to say that from an examination of the pleadings, which was unnecessary here, since no question of the sufficiency thereof was raised in this court on any one of the three appeals, we conclude that same were sufficient to justify the verdict and uphold the judgment.

Judgment affirmed.