## Coe v. Commonwealth.

Feb. 9, 1945.

James C. Carter, Jr. for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Sims—Affirming.

Lynn Coe was tried under an indictment charging him with the wilful murder of Barlow Copass. The jury returned a manslaughter verdict fixing his punishment at confinement in the penitentiary for 21 years and he appeals.

The motion and grounds for a new trial assigned six errors, but only one is relied upon in his brief—improper argument by the attorneys representing the Commonwealth—therefore the other five will be considered as waived. Helton v. Commonwealth, 245 Ky. 7, 53 S. W. 2d 189; Crutcher Laboratory v. Crutcher, 288 Ky. 709, 157 S. W. 2d 314, 318.

The motion for a new trial recites:

"That during the argument of counsel for the Commonwealth, there was seated about the counsel table of the Commonwealth the widow, the four year old son, mother and father of the decedent, Barlow Copass, and counsel repeatedly called the attention of the jury to these persons in the course of the argument. That Ralph Hurt, Commonwealth's Attorney, pro tem., in arguing the case to the jury for the Commonwealth stated that the Commonwealth, in the event the finding of the jury should be for a fine and jail sentence or a short term in the penitentiary, wished the jury to return, in lieu of such a verdict, a verdict of not guilty; that the County Attorney, Paul Carter, who closed the argument for the Commonwealth, near the close of his argument, stated to the jury that he was authorized by the family of the decedent, Barlow Copass, to say that if the finding of the jury should be for a fine or a jail sentence or a short term in the penitentiary, that it was their wish that the jury should return in lieu of that verdict a verdict of not guilty, and which verdict also he urged the jury to find in the event the jury found him guilty of involuntary manslaughter, or a short term of voluntary manslaughter; that the defendant at the time objected to this line of argument by the Attorneys for the Commonwealth, which objection the court overruled, to which the defendant excepted; that said argument was improper and inflammatory and very prejudicial to the rights of the defendant."

This argument does not appear in the bill of exceptions, nor does that instrument show that appellant ob-

jected thereto, nor that his objection was overruled, nor that an exception was taken to the ruling of the court. The bill of exceptions incorporated the motion and grounds for a new trial as a part of it in this language:

"After the rendition of the verdict, the defendant filed, on the 18th day of December, 1943, his motion and grounds for a new trial, which is fully copied in the Clerk's transcript of the Record and referred to and made a part hereof as if copied fully herein, but the court overruled said motion to which the defendant excepted and still excepts."

The office of a bill of exceptions is to incorporate into the record what occurred during the trial which otherwise would not become a part of the record. Barnard Leas Mfg. Co., v. Washburn, 99 S. W. 664, 30 Ky. Law Rep. 813; Westcott v. Mansbach, 280 Ky. 431, 133 S. W. 2d 531. No rule of criminal procedure is better established than that errors are waived if presented for the first time in the motion for a new trial. Chism v. Commonwealth, 286 Ky. 314, 150 S. W. 2d 694, and authorities therein cited.

In the very recent case of Riley v. Commonwealth, 298 Ky. 687, 183 S. W. 2d 958, 960, the motion and grounds for a new trial was copied in the bill of exceptions, and this court held that by approving and signing the bill the trial judge did not certify that exceptions were taken to the ruling of the court but merely that the motion contained a statement to that effect. So in the case at bar, the trial judge did not certify that the criticized argument was actually made or that appellant objected thereto and that the court overruled his objections to which an exception was reserved. All the trial judge certified by signing the bill of exceptions was that the motion and grounds for a new trial set out such argument and recited the court overruled his objection to same and appellant excepted to the ruling.

It has long been the rule in this jurisdiction that before this court may consider an improper argument it must be included in the bill of exceptions as well as appellant's objection and exception in the event of an adverse ruling. Saylor v. Commonwealth, 57 S. W. 614, 22 Ky. Law Rep. 472; Bradley v. Commonwealth, 204 Ky. 635, 265 S. W. 291, 295; Sewell v. Commonwealth, 284 Ky. 183, 144 S. W. 2d 223. As appellant's bill of exceptions did not contain the alleged improper argu-

ment or his objection thereto or his exception to the court overruling his objection, we are without authority to consider such argument.

It may be of some solace to appellant to know that if we had authority to consider the argument of which he complains in his brief, we would criticize it; but in the face of the evidence we could not hold it was prejudicial to his substantial rights because the transcript of the evidence shows that the killing was either accidental or was intentionally done without provocation; therefore, the jury could not have done otherwise than severely punish appellant or else acquit him.

The judgment is affirmed.