## Hamilton v. Commonwealth.

June 12, 1945.

Paul Gross for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Harvey Hamilton has been convicted of the crime of malicious cutting and wounding with intent to kill, and his punishment fixed at confinement in the penitentiary for a term of two years. He seeks a reversal of the judgment on three grounds: (1) The court erred in failing to direct the official stenographer to report the evidence heard on the trial; (2) the court erred in failing to give an instruction on self-defense; and (3) the evidence was not sufficient to sustain a verdict of guilty on the felony charge.

KRS 28.430 provides that upon any trial if either party requests the services of the official stenographic reporter, or if, in the opinion of the presiding judge, the testimony should be preserved, the presiding judge shall direct the reporter to take full stenographic notes of the proceedings, and upon the motion of either party the court shall order the reporter to make a full and accurate transcript and duplicate copy of the notes. Where an accused is represented by counsel, it is not the duty of the trial judge to order the evidence reported and transcribed unless requested to do so by the accused or his counsel. Morehead v. Commonwealth, 194 Ky. 592, 240 S. W. 93. The record fails to show that appellant or his counsel made such a request. In his

motion and grounds for a new trial he stated that the court erred in overruling his motion to call the official reporter, but this is the only reference to the matter in the entire record. It is a well-established rule of criminal procedure that errors are waived if presented for the first time in the motion for a new trial. Coe v. Commonwealth, 299 Ky. 360, 185 S. W. 2d 533; Riley v. Commonwealth, 298 Ky. 687, 183 S. W. 2d 958.

Appellant was accused of cutting and wounding Wade Riddle at a store known as the "Blue Goose" where a number of persons had congregated. He complains because an instruction on self-defense was not given, but he fails to point out any evidence authorizing such an instruction. The prosecuting witness testified that appellant, Harvey Hamilton, and the latter's brother, Bob Hamilton, attacked him without provocation. Bob Hamilton struck him on the head with a bottle, and Harvey Hamilton cut him with a knife. Ellis Pratt, a witness for the Commonwealth, stated that Wade Riddle was struck on the head with a bottle and fell. Both Harvey Hamilton and Bob Hamilton were on him, and when they were taken off by Vinson Huff, a bystander, Riddle had been cut in the neck. There was proof of threats against Riddle made by the Hamiltons when they were on their way to the store a short time before the cutting. Appellant testified that he did not have a knife, had no altercation with Riddle, and did not strike or cut him. Bob Hamilton testified that neither he nor his brother, Harvey, had a knife, and that he did not see anyone hit Riddle. Appellant did not rely upon self-defense. His defense was that he took no part in the difficulty and did not cut the prosecuting witness. As a general rule, where the accused denies committing the act he is not entitled to a self-defense instruction, Fitch v. Commonwealth, 267 Ky. 646, 103 S. W. 2d 98, but where the evidence tends to raise the issue of self-defense an instruction on that theory is proper, although the defendant denies taking any part in the difficulty. Combs v. Commonwealth, 196 Ky. 804, 246 S. W. 132. There was no evidence tending to raise the issue of self-defense. All of the evidence for the Commonwealth was to the effect that appellant made an unprovoked assault on Riddle. Appellant merely denied any participation in the commission of the offense.

Appellant's final contention is wholly without merit. The court instructed the jury on the felony charge and also on cutting and wounding in sudden affray, which is a misdemeanor. It is argued that the jury disregarded the latter instruction, and that the evidence was not sufficient to sustain the verdict of guilty on the felony charge. The proof shows that the prosecuting witness was cut on the left side of his neck, the knife just missing the jugular vein. He was taken to a hospital and thirteen stitches were required to close the wound. He was under the care of a physician for four weeks. The seriousness of the wound, coupled with proof of threats made shortly before the cutting and of an unprovoked attack by appellant, was sufficient to sustain the verdict that the cutting was malicious and with intent to kill.

Judgment affirmed.