RIORDAN et al. v. RIORDAN et al.

Court of Appeals of Kentucky.
Oct. 10, 1952.

Rehearing Denied Dec. 19, 1952.

Rodes K. Myers, Bowling Green, for appellants.

Stokes A. Baird, Harry H. Wilson, Munfordville, for appellees.

COMBS, Justice.

The appellee, Nettie Riordan, filed this suit as the widow and administratrix of the estate of Dan Riordan against Alvin Riordan, the son of Dan by a previous

marriage, to recover the sum of $11,003.68 which Alvin had received from his father some 18 months before his death. Alvin's wife, Martha, was also named as a defendant. The jury, by peremptory instruction of the court, found for the plaintiff.

There is no bill of exceptions, but appellants' complaints are directed to certain rulings of the trial judge which were recorded as orders of the court, copies of which have been filed here as a part of the record. Therefore, the points raised by appellants are properly before us for consideration. Postal Telegraph Co. v. Louisville Cotton Oil Co., 136 Ky. 843, 122 S.W. 852, 125 S.W. 266; Westcott v. Mansbach, 280 Ky. 431, 133 S.W.2d 531.

Appellants insist that the trial judge abused his discretion in refusing to grant a continuance. It appears that the case first was assigned for trial by agreement of the parties for September 18, 1951. On the 18th, Mr. Leland H. Logan filed his affidavit that appellants' attorney, Mr. Rodes K. Myers, was unable to be present at that time due to his participation in the trial of another case in another court. On appellants' motion the case was passed to September 20. On the 20th, Mr. Logan filed his affidavit that Mr. Myers was still engaged in the trial of the other case and moved the court to continue this case until the next term of court. The motion was overruled and the court proceeded with the trial. Appellants were represented during the trial by Mr. Logan and Mr. Aaron F. Overfelt, both of whom we understand are associates of Mr. Myers in the practice of law. We have written many times that a trial court has broad discretion in granting or overruling a motion for a continuance, and that this court will not interfere in the exercise of that discretion unless it is clearly abused. Farris v. Evans, 289 Ky. 418, 158 S.W.2d 941. Although the trial court would have been justified in granting

the continuance, we are unable to say that under the circumstances here shown there was such an abuse of discretion as to authorize reversal of the judgment.

It is next argued that appellants' demurrer to the petition should have been sustained. The argument is based on the fact that Nettie Riordan was designated in the petition not only as the widow of Dan Riordan but also as administratrix of his estate, and that all the heirs of the decedent were not made parties to the action. It is elementary that questions of this sort may not be raised by general demurrer, and it is noted that no special demurrer or motion to elect was filed. The failure to raise these questions in the proper manner amounted to a waiver of the error.

The third point argued by appellants is that the court erred in requiring them to assume the burden of proof. It was alleged in the petition that the money was transferred to Alvin at a time when his father was incompetent to handle his estate, and in furtherance of a conspiracy between the parties to defraud the appellee of her marital rights. Appellants admitted receipt of the money, but denied all other allegations of the petition. We think the court was correct in placing the burden of proof on appellants. It was said in Nolty's Adm'r v. Fultz, 261 Ky. 516, 88 S.W. 2d 35, 36: "Since she had admitted in her answer the receipt of this money from the old man, the burden was on Mrs. Fultz to account for the retention of it; therefore, she had to come forward with evidence to justify such retention to avoid a judgment against her." Also see 24 Am.Jur., Gifts, page 790: "Mere possession by an alleged donee of the alleged donor's property after the latter's death raises no presumption of ownership." Appellants make a diligent effort to distinguish the Nolty case, but we fail to see any valid distinction.

The judgment is affirmed.