**CITY OF ST. MATTHEWS**

**v.**

**SMITH, Judge.**

Court of Appeals of Kentucky.

March 26, 1954.

348

C. Maxwell Brown, Louisville, for petitioner.

Macauley L. Smith, J. Darlington Raine and Booth & Booth, Louisville, for respondent.

DUNCAN, Justice.

This original action seeks a special writ of mandamus to require respondent, Judge of the Jefferson Circuit Court, Chancery Branch, First Division, to set aside his order abating two remonstrance actions pending before him styled F. S. Goodrich, et al. v. City of St. Matthews, and J. Clay Murphey, Jr. v. City of St. Matthews.

The two actions which were abated are suits filed under the provisions of Chapter 81 of the Kentucky Revised Statutes, protesting the annexation of certain territory proposed to be annexed by the City of St. Matthews, a city of the sixth class. The City of St. Matthews passed six annexation ordinances on or about September 29, 1953, seeking to annex large tracts of adjacent territory. One of the ordinances sought to annex territory in which property primarily of a business nature is located. The City of Louisville had previously sought to annex this area, and a protest suit styled Craft v. City of Louisville involving the annexing ordinance of that city is pending in the Common Pleas Branch of the Jefferson Circuit Court. The area involved in the Craft suit, which is sought to be annexed by both the City of Louisville and the City of St. Matthews, comprises the major part of the business district located in the St. Matthews area.

The petitioner insists that different areas are affected by these actions and that the judgment which may finally be entered in the Craft suit is in no way determinative of the issues in the other two actions. It is true that the remonstrance actions attacking the St. Matthews annexation affect areas which are primarily residential in nature and not contiguous to the business area affected by the Craft suit. However, it appears to us that in an orderly development of the area the resident freeholders of the territory involved in the abated actions should first know whether the business district of St. Matthews is to be a part of the City of Louisville or of the City of St. Matthews. If this district becomes a part of the City of Louisville, the City of St. Matthews will be primarily a residential area with little or no business district. This will limit its tax revenue and may directly affect its ability to adequately service the residential area proposed to be annexed.

The problems of the St. Matthews area have been before this Court several times, the last case being that of Engle v. City of Louisville, Ky., 262 S.W.2d 371. The response filed here discloses that while that suit was pending in this Court an order was in effect in the Craft suit abating that action. Since the decision in the Engle case, the order abating the Craft suit is no longer in effect.

■ As a general rule, the question of granting or refusing a continuance or postponing a trial or determination of an action is a matter which rests within the discretion of the trial court. Riordan v. Riordan, Ky., 252 S.W.2d 901; 12 Am.Jur., Continuances, § 5, p. 450; 55 C.J.S., Mandamus, §§ 91 and 92, p. 149.

■ The principle is too well settled to require citation of authority that this Court will not issue mandamus to influence or direct the discretion of the lower court in any matter properly pending before it.

There may be extreme cases in which a lower court has so unreasonably delayed the disposition of a case that his action in doing so would amount to a gross abuse of discretion. In such cases, this Court may require the lower court to grant a trial or enter an appealable order. Such an abuse of discretion is not shown in this case. We think the reason suggested for delaying the disposition of the Goodrich and Murphey cases is entirely valid.

The motion for a writ of mandamus is denied.