**Elzie MEREDITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

Rodes K. Myers, George B. Boston, Bowling Green, for appellant.

Jo M. Ferguson, Atty, Gen., R. F. Matthews, Jr., Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Appellant, Elzie Meredith, was convicted of raping Zelma Carrier, a woman over twenty-one years of age, and sentenced to the penitentiary for life without parole. The verdict was returned June 30, 1955, and the judgment entered the same day.

The regular June term of the Edmonson Circuit Court ended July 2, 1955, the term not having been extended.

Under Section 273 of our Criminal Code of Practice, the application for a new trial must be made at the same term at which the verdict is rendered unless the judgment be postponed to another term, in which event the motion may be made at any time before judgment. The judgment not having been postponed in this instance, the motion and grounds for a new trial was required to be filed by July 2, 1955. It was filed four days late, however, on July 6, 1955. The trial court overruled the motion on July 7, 1955, and subsequently gave appellant until the twelfth day of the November, 1955, term to file his bill of exceptions. The term began November 21, 1955, and the twelfth day fell on December 2. The bill of exceptions was filed December 1, 1955, one day before the deadline set by the trial court. Cr.Code Prac. § 336. (KRS 451.150, requiring bills of exception to be filed within 120 days from the date the judgment is rendered, applies only to courts of continuous session.)

■ The testimony at the trial was not transcribed. The bill of exceptions contains an affidavit by the sheriff of Edmonson County in which that official sets out his recollection of the testimony. The trial court approved the bill of exceptions, after permitting the Commonwealth to file counter-affidavits by the prosecuting witness and her father. Cr. Code Prac. § 282; CR 75.13. This is not an entirely desirable way of presenting the record in an appeal from conviction of a capital offense. Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585. However, there is no showing that either appellant or his counsel at trial, who is not representing him on this appeal, requested the reporter to take full stenographic notes of the proceedings. KRS 28.430(2). Where the accused is represented by counsel, it is not the duty of the trial court to order evidence reported and transcribed unless requested to do so by the accused or his counsel. Hamilton v. Com., 300 Ky. 246, 188 S.W.2d 435. At any rate, the view we take of the case precludes a consideration of the evidence given at the trial.

■ There are two ways to have a criminal case reviewed by this court: (1) By statutory or direct appeal; and (2) by CR 60.02—covering newly discovered evidence, fraud, and other unusual situations which may arise after the normal period of appeal has passed. See Harris v. Com., Ky., 296 S.W.2d 700. Although the trial court overruled the Commonwealth's objections to the filing of appellant's motion and grounds for a new trial in the present case, we think it did so erroneously in view of the mandatory provisions of Cr. Code Prac. §§ 271, 273 and 274 which require that a motion for a new trial in a criminal case be made at the same term the verdict is rendered unless the judgment be postponed to a later term. We are consequently forced to conclude that the matters presented in the motion and grounds for a new trial are not before us, and that the only question we can consider is whether the indictment supports the conviction. It does.

We noticed in reviewing the case that the verdict and judgment conform to the statute, but that the verdict does not conform to the instructions given the jury by the court. However, we are not able to reach that question on this appeal as heretofore indicated.

The judgment is affirmed.