**Robert L. WHITE et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**Billy ROSS (sometimes known as William Chapman) et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Tom Garrett, Paducah, for appellants.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

The question is whether the trial court abused its discretion in refusing a motion for continuance made in behalf of sureties on two bail bonds because of the attendance of their attorney in the General Assembly. The appeal is from two judgments entered against James C. Johnson and John Brizendine, sureties on both bonds.

The sureties had executed two bonds in the sum of $5,000 each for the appearance

of Robert L. White and Billy Ross in two prosecutions in which they were convicted. Their convictions were affirmed. White v. Commonwealth, Ky., 394 S.W.2d 770. The mandate issued November 5, 1965.

On November 15, 1965, the trial court entered an order requiring White and Ross to surrender to the Hopkins County jailer on or before November 27, 1965. Notice was given to the sureties and to the attorney then representing White and Ross. On December 18, 1965, notice was served on the attorney that the Commonwealth would move on December 22, 1965, for a forfeiture on the bonds and for warrants of arrest. On December 27, 1965, summonses were served on the sureties.

On December 23, 1965, the attorney for White and Ross moved for an extension of time to January 3, 1966. The motions were accompanied by his affidavits from which it appears that the attorney had talked with White by telephone on November 22, 1965. White was represented as saying in that conversation that he and Ross were together in California and would start immediately for Madisonville for the purpose of surrendering on November 27, 1965.

The sureties answered on January 8, 1966, through their present attorney. The substance of their answers is that White and Ross were incarcerated somewhere in California and that they, the sureties, had made diligent efforts to locate them and had expended over $2,000 in such efforts.

Notice was duly served that judgments of forfeiture on the bonds would be sought on Monday, February 7, 1966. By a response filed February 7, 1966, and by a motion for continuance filed February 18, 1966, the responsibilities and obligations of the sureties' present attorney as a state senator in the General Assembly then in session were set forth. It was asked in each that the hearing on the bond forfeitures be continued until after March 18, 1966, the adjournment date of the General Assembly. On February 23, 1966, the motions for continu-

ance were overruled and judgments of forfeiture in the sum of $5,000 each were granted.

■ The failure to show that one who has been released on bail is unable to appear in the court where bail was granted is a proper basis for forfeiture of the bond. Vaughn v. Commonwealth, Ky., 395 S.W.2d 763. The detention of the principal in a jail or penitentiary outside the Commonwealth of Kentucky or in custody of the United States is a proper ground to resist the forfeiture. RCr 4.28(3). The affidavit of the officer having such custody is adequate evidence of such detention, but other affidavits may be considered as evidence.

■ Under the showing made here, White and Ross' attorney reported in November 1965 that White had told him that they were returning to Kentucky immediately. By the affidavit of the sureties' attorney it was shown that White and Ross were "incarcerated somewhere in the State of California." It immediately appears that neither response is adequate. Over three months elapsed between the time when the sureties were ordered to produce White and Ross and the granting of the judgments. During this time two attorneys had sought to protect the interest of the sureties who were trying to locate White and Ross. There was no showing that the sureties could or would produce the principals in court after the General Assembly adjourned. In view of the inadequate response and the lapse of time, the trial court was justified in concluding that White and Ross were not going to appear voluntarily, that the sureties could not produce them, and that there was no further need to prolong the matter under such circumstances. The absence or presence of the sureties' attorney would have availed nought; it was the presence of the principals that was needed.

■ A trial court has broad discretion in granting or denying a motion for a continuance, which should not be interfered with

unless it has been clearly abused. Riordan v. Riordan, Ky., 252 S.W.2d 901; City of St. Matthews v. Smith, Ky., 266 S.W.2d 347; Stallard v. Witherspoon, Ky., 306 S.W.2d 299; Simpson v. Sexton, Ky., 311 S.W.2d 803. The action taken did not constitute an abuse of discretion.

Judgment affirmed.

All concur.