**Honorable Earl O'BANNON, Judge, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee,**

**Pauline Clark Whittenberg, Executrix of the Estate of Bernard J. Clark, Intervening Appellee.**

Supreme Court of Kentucky.

Oct. 25, 1984.

**391**

J. Leonard Rosenberg, Louisville, for appellant.

Philip W. Collier, Kent McElwain, Kenneth R. Sagan, Louisville, for appellee.

Joseph J. Wantland, Sheperdsville, for intervening appellee.

WINTERSHEIMER, Justice.

This appeal is from an order of the Court of Appeals entered January 24, 1984, which granted a writ of mandamus directing the trial judge to assign a trial date in the declaratory judgment action raising an insurance coverage question prior to the trial date of the wrongful death action against the putative insured.

The issues are whether it was an abuse of discretion for the trial court to order the declaratory judgment action tried with the wrongful death action, and whether it was error for the judge to require Aetna to defend Clark and for Clark to accept said defense.

In 1980 a jet aircraft crashed killing Abel and Clark. The plane was leased by U.S. Gas & Oil and insured by Aetna Casualty & Surety Company. In 1981 Abel's executrix filed a wrongful death action in Fayette Circuit Court against several defendants including Clark's estate alleging Abel was a passenger and Clark was the pilot. On October 9, 1981, before answers had been filed on behalf of defendants in the wrongful death action, Aetna filed a declaratory judgment suit in Jefferson Circuit Court, requesting the court to determine whether Abel and Clark were fellow employees of U.S. Gas & Oil at the time of their death. Under the terms of the policy, if Abel and Clark were co-employees, acting within the scope of their employment, Aetna did not owe Clark's estate a defense or an obligation to indemnify it in the wrongful death suit.

The wrongful death action was filed first. On November 13, 1981, the Fayette Circuit Court, pursuant to an agreement by the parties, transferred the wrongful death action to the Jefferson Circuit Court, and it was consolidated with the declaratory judgment suit for the purposes of administration but not necessarily for trial. Aetna refused to defend the wrongful death action brought by Aetna and the executrix obtained her own counsel.

On August 18, 1983, the circuit judge entered an order partially granting Clark's motion for summary judgment and denying Aetna's motion for a trial date. The order required Aetna to defend the wrongful death action but reserved decision on the coverage issue. The order stated that it, "[W]ill result in one trial, that is the questions of liability, damages and determination of any factual questions which may affect the ultimate coverage issue."

On December 24, 1983, the executrix of the Clark estate entered an agreed judgment and also an assignment from Clark to Abel transferring Clark's estate insurance coverage rights to Abel in exchange for release of personal liability.

Both Clark and Aetna petitioned the Court of Appeals for a writ of mandamus.

Aetna wanted to require the trial court to have a hearing on the declaratory judgment action so as to determine the coverage question before proceeding to the merits of the wrongful death claim.

Clark sought a writ of mandamus from the part of the trial judge's order that required him to accept a defense from Aetna on the wrongful death suit. The Court of Appeals held that in view of their issuance of the writ requested by Aetna, Clark's petition was moot. The Court of Appeals directed the trial court to assign a trial date in the declaratory judgment suit prior to the trial of the wrongful death claim. This appeal followed.

This Court reverses the order of the Court of Appeals because the trial judge has not abused his discretion under all the circumstances.

I

Unlike the usual case in which a party seeks a writ of mandamus to compel a court to act, this case involves a situation where the trial judge has exercised his discretion and the complaining party seeks to prevent the judge's action by obtaining a writ of mandamus.

■ Judge O'Bannon's decision to try the declaratory judgment action after the wrongful death action is not an abuse of discretion. *See, City of Louisville v. Allen,* Ky., 385 S.W.2d 179 (1964).

■ Mandamus is the type of action that can be used to compel a lower court to act but not necessarily to tell that court how to perform or to interfere with the lower court's exercise of discretion. *See, Hargis v. Swope, Judge,* 272 Ky. 257, 114 S.W.2d 75 (1938); *Boone v. Smith,* Ky., 263 S.W.2d 928 (1954).

Both parties cite *City of St. Matthews v. Smith,* Ky., 266 S.W.2d 347 (1954). Aetna urges that this Court adopt the exception to the general rule mentioned in *City of St. Matthews, supra,* which is in extreme cases where a lower court has so unreasonably delayed the disposition of a case that it would amount to a gross abuse of discre-tion, this Court may require the lower court to grant trial or enter an appealable order. Aetna also cites 52 Am.Jur.2d, *Mandamus,* § 311, which in part states that judicial discretion never authorizes action that tends to defeat the ends of substantial justice. Aetna maintains that it is unfair to require it to provide a defense to an action for which it has no liability coverage. They argue that it is manifestly unfair to require that Aetna pay the costs of defense regardless of whether coverage ever existed.

This Court must reverse the order of the Court of Appeals because the trial judge's actions in the proceedings are not so manifestly unjust or such a clear abuse of discretion as to warrant the extreme remedy of mandamus. *Hargis, supra.*

The order of the Court of Appeals is reversed in regard to the exercise of discretion by the trial judge.

II

We now turn to the circuit court's decision ordering the insurer Aetna to defend the tort action and requiring the insured to accept such a defense.

The law in the majority of the jurisdictions is that, if there is any allegation in the complaint which potentially, possibly or might come within the coverages of the policy, then the insurance company has a duty to defend. This rule allows an insurer to offer to defend a case with a "reservation of rights" agreement if it believes there is no coverage owed. *See, Maneikis v. St. Paul Ins. Co.,* 655 F.2d 818 (7th Cir., 1981). The offer was not made in this case.

■ When dealing with its insured, the insurance company has the obligation to exercise the utmost good faith. *Terrell v. Western Casualty and Surety Co.,* Ky., 427 S.W.2d 825 (1968).

In this action Aetna totally refused to defend Clark under any terms. Given the circumstances, Clark did what any reasonable person would do, i.e., obtained counsel

and proceeded to defend the lawsuit and protect her interest.

To require Clark to accept Aetna's defense would be contrary to our previous holdings in *O'Bryan v. Leibson*, Ky., 446 S.W.2d 643, 645 (1969), and *Medical Protective Co. of Fort Wayne v. Davis*, Ky. App., 581 S.W.2d 25 (1979).

In *Medical Protective, supra,* the Court of Appeals stated:

> That an insured may seek to defend himself without counsel after refusing to accept a defense offered under a reservation of rights is one of the risks an insurer must take when it elects to offer a defense under a reservation of rights. If it is correct in its position that the policy does not afford coverage or has been breached in some way, then it prevails regardless of whether the insured accepts the defense—but it offers such a defense at its peril, because if the insured refuses to accept it and elects to defend himself, the company is bound by the result, in the absence of fraud or collusion, unless it can establish that the policy did not afford coverage or was breached by the insured.

It logically follows that in a situation presented here, where the insurer has refused to defend under any circumstances, that the rationale in *Medical Protective* would apply. Under these circumstances the trial court erred in ordering the insurer to defend the tort action and in ordering the insured to accept such defense.

There appears to be no merit to the insurer's position that the plaintiff and the insured are cooperating together to create an inflated collusive judgment, but if so, the insurer would obviously have a remedy against any obligation to pay such a judgment either when sued on its coverage or by collateral attack on the judgment.

It is the holding of this Court that Clark does not have to accept the defense of Aetna under the circumstances.

The Order of the Court of Appeals is vacated and this matter is remanded to the circuit court for trial in the sequence which the circuit judge previously ordered.

All concur, except GANT, J., who dissents.