**AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellant,**

**v.**

**Emilio D'ATRI, d/b/a D'Atri's Sunoco Service Station, Leona A. Fox, William Fox and Clarence Fox Motors, Inc., Defendants-Appellees.**

**No. 16998.**

United States Court of Appeals
Sixth Circuit.

April 18, 1967.

---

Robert F. Hesser, Cleveland, Ohio, for plaintiff-appellant, Robert F. Hesser, Richard J. McGraw, Jamison, Ulrich, Johnson, Burkhalter & Hesser, Cleveland, Ohio, on brief.

Lody Huml, Cleveland, Ohio, for defendants-appellees; William C. Todia, Cleveland, Ohio, on brief for Leona and William Fox, Charles W. Kitchen, Cleveland, Ohio, on brief for Clarence Fox Motors.

Before O'SULLIVAN, PECK and Mc-CREE, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court for the Northern District of Ohio dismissing a complaint filed by plaintiff-appellant, the American States Insurance Company, seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202. We believe the complaint set out a case for declaratory relief under the mentioned statute and should be reinstated.

Plaintiff is a casualty insurance company which had in force with appellee, Emilio D'Atri, an insurance policy covering certain liabilities that might arise during the operation of D'Atri's gasoline service station. Two provisions in that policy are relevant here. One of them declared that the policy did not apply to claims,

> "arising out of the operation of an automobile parking lot, storage garage, repair shop, automobile sales agency, restaurant, lunch room, the handling of liquified petroleum gas, the renting of trailers to others, or any other business operation not incidental and usual to an automobile filling station * *";

The other required that in case an accident occurred, prompt written notice thereof had to be given to authorized agents of the insurance company.

D'Atri had an arrangement with an adjacent automobile dealer, Clarence Fox Motors, Inc., whereby the latter was allowed to store and display cars on a portion of D'Atri's premises. On November 10, 1961, a salesman for Clarence Fox Motors was showing cars parked on D'Atri's property to some potential customers, Leona Fox and her husband William, when Leona slipped and fell, injuring herself. She and her husband thereafter filed suit against D'Atri, D'Atri's lessor, the Sun Oil Co. (since dismissed as a party), and Clarence Fox Motors, Inc., in the Ohio Common Pleas Court of Cuyahoga County. D'Atri did not notify his insurer, plaintiff-appellant, of the accident until January 17, 1962, and then requested it to investigate and defend the suit brought against him.

The insurance company, believing that the claims of the customers of Fox Motors were not covered by its policy—either because the circumstances surrounding the accident invoked the policy's exclusionary clause, or because the policy had been breached by D'Atri's failure to give prompt notice of the fall—refused to undertake D'Atri's defense in the Common Pleas action. Since the requisite diversity of citizenship and jurisdictional amount existed, it brought suit against D'Atri, the Foxes, and the automobile dealer in the federal district court, seek-

ing a declaratory judgment establishing its lack of liability to any of the parties. The District Judge dismissed plaintiff's complaint, mainly on the basis that the question of whether or not plaintiff's insurance policy covered the accident was inextricably bound up with the general question of D'Atri's liability to Leona, and that it would therefore be impolitic for the District Court to resolve the same issues that were then pending and would be resolved in the Common Pleas action.

There are, however, important differences in the matters presented in the District Court and the Common Pleas proceedings. Whether the insurance company is contractually obligated to defend and protect D'Atri involves considerations that are not relevant to whether or not D'Atri, as a matter of tort law, is liable for the damages incurred by Leona Fox. The question of timely notice, as required by the policy; for instance, has little to do with any claim of lack of due care that Leona may make against the insured. Since the plaintiff is not, and could not be, under Ohio law (see Steinbach v. Maryland Casualty Co., 15 Ohio App. 392 (1921)) a party to the state court action, it is powerless under the District Court's disposition of the case, presently to ascertain the scope of its liability. It must, consequently, defend a party to whom it does not believe it owes a duty, or assume the risk that that party will go defenseless—or be defended by someone whose interests are adverse to those of the company. In either event, should a judgment be rendered against D'Atri, it must expose itself to future suits for collection, or bring another declaratory judgment action, and then assert the same theory it now seeks to have vindicated.

We do not believe that, considering the purposes of the Federal Declaratory Judgment Act, the plaintiff should be forced into a waiting period of legal uncertainty respecting the obligations it has incurred in its policy. We recognize that under the Act a District Judge has discretion in allowing its employment, but we do not think it should have been denied in this case. We have said that a declaration of rights and duties, such as this plaintiff seeks, should not be refused,

"because of the pendency of another suit if the controversy between the parties will not necessarily be determined in that suit * * * A declaratory judgment proceeding which involves only the extent of the coverage of an insurance policy and not the liability of the insured to the persons injured in the accident, will be entertained in the Federal Court, and the insurer is entitled to have the extent of the coverage of its policy declared in such a proceeding,—other essentials of jurisdiction being present." Maryland Casualty Co. v. Faulkner, 126 F.2d 175, 178 (CA 6, 1942).

See also Associated Indemnity Corp. v. Garrow Co., 125 F.2d 462, 463 (CA 2, 1942); Aetna Casualty & Surety Co. v. Yeatts, 99 F.2d 665, 669 (CA 4, 1938); Maryland Casualty Co. v. Consumer's Finance Service, Inc., 101 F.2d 514, 515 (CA 3, 1938).

We conclude, therefore, that under the facts here involved, we must view the District Court action as judicially indiscreet. We, accordingly, remand this cause with direction to reinstate the complaint and determine the issues presented.

Reversed and remanded.