David J. FOSTER, an individual, for himself and for all others subscribing to Policy No. KY000870, Plaintiff,

v.

KENTUCKY HOUSING CORPORATION, et al., Defendants.

Civ. A. No. 92–115.

United States District Court,
E.D. Kentucky,
at Frankfort.

April 13, 1994.

Spencer D. Noe, Stoll, Keenon & Park, Lexington, KY, T. David Ackerman, Raymond J. Jast, Michael P. Tone, Joanne J. Matousek, Peterson & Ross, Chicago, IL, for David J. Foster.

K. Gregory Haynes, Virginia H. Snell, Caroline Miller Oyler, Wyatt, Tarrant & Combs, Louisville, KY, for Kentucky Housing Corp., James F. Fields, Joseph W. Garrett, Chet Guillory, Robert U. Johnson, Arnold B. Lynch, Pamela B. Mooney, Ronald J. Murphy, Joseph W. Prather, Kim Burse, Chris Gorman, Paul E. Patton, and Bruce Ferguson.

Paul B. Calico, William V. Strauss, Strauss & Troy, Cincinnati, OH, for John G. Martinez.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This action is presently before the Court upon the parties' cross motions for summary judgment. [Record Nos. 16, 18]. Fully briefed, this matter is now ripe for decision.

### FACTUAL BACKGROUND

There are no factual disputes in the instant action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* and Fed.R.Civ.P. 57, in which the plaintiff, David J. Foster [hereinaf-

ter Lloyd's] [1], seeks construction of an exclusion provision of an insurance policy issued by Lloyd's, London [Lloyd's]. The defendant Kentucky Housing Corporation [KHC] is a municipal corporation and political subdivision of the Commonwealth of Kentucky. The defendant John G. Martinez [Martinez] was previously the executive director of KHC. The remaining defendants are or were officers and/or members of the Board of Directors of KHC with the exception of Gregory Mayes who is or was an employee of and general counsel to KHC.

In this declaratory judgment action, the plaintiff seeks a determination that the policy issued by Lloyd's excludes a wrongful discharge/breach of contract suit brought by the defendant Martinez against the directors and officers of KHC.

On or about August 21, 1991, Lloyd's issued Policy No. KY000870 [the Policy] to KHC. [Record No. 20, exh. A]. The policy insured KHC and its directors and officers for losses they suffered as a result of claims made against them between August 18, 1991 and August 18, 1992.

The first insuring clause of the Policy provides, subject to the Policy's terms, conditions and exclusions, that Lloyd's agrees "[t]o pay on behalf of the Directors and Officers for Loss ... sustained by such Directors and Officers resulting from any Claim first made during the Policy Period or the Optional Extension Period, if applicable, against any of them for a Wrongful Act." The policy further provides, *inter alia*, coverage for loss sustained by the Organization resulting from a claim "against the Organization due to a Wrongful Act (as defined) by the directors of officers or employees where such act is imputed to the Organization...." The Policy includes an exclusion clause providing, in pertinent part, that:

> Underwriters shall not be liable to make any payment for Loss in connection with any Claim made against the Directors or Officers, or the Organization by or on behalf of the Organization, or any affiliate of the Organization, or any other Director or Officer except to the extent that such claim is in the form of a crossclaim, third party claim or otherwise for contribution or indemnity which is part of the terms of this policy; provided, however, that this Exclusion shall not apply to any claim brought by or on behalf of any employee of, or any volunteer working for, the Organization where such employee or volunteer is not also a director or officer of the Organization.

[Record No. 20, exh. 1, clause III. F.]. This exclusion clause is commonly referred to as an "insured vs. insured" exclusion. The Policy defines "Directors and Officers" as:

> any persons who were, now are, or shall be:
>
> (1) directors or officers of the Organization,
>
> (2) employees and/or staff members of the Organization, and
>
> (3) volunteers working for the Organization....

[Record No. 20, exh. A, Clause II. D.].

On or about July 22, 1992, John G. Martinez filed a complaint in the United States District Court for the Eastern District of Kentucky, Frankfort Division, styled *John G. Martinez v. Kentucky Housing Corporation, et al.*, Civil Action No. 92–72. The *Martinez* complaint named as defendants KHC and certain past or present directors or officers of KHC as well as Gregory Mayes, in-house legal counsel at KHC. The complaint alleged that Martinez was employed as an executive director of KHC beginning in December 1988. The complaint provides that on November 20, 1991, Martinez entered into an employment agreement with KHC, ratified and approved by the KHC board members, pursuant to which terms and conditions he continued his employment as executive director of KHC. Then, on March 26, 1992, KHC, acting by and through its board members, purportedly unilaterally terminated Martinez's employment as executive director and thereafter refused to pay him benefits under the agreement.

---

1. The plaintiff, David J. Foster, is a citizen of the United Kingdom and an underwriter at Lloyd's, London which issued the policy in question. For clarity purposes, the plaintiff hereinafter will be referred to as Lloyd's.

On July 31, 1992, KHC provided notice to Lloyd's of the *Martinez* action. On August 14, 1992, KHC requested Lloyd's approval of counsel selected by the KHC and its individual directors and officers to provide their defense to the *Martinez* action. By letter dated August, 18, 1992, the day the Policy expired, counsel for Lloyd's advised KHC that the Policy did not afford coverage for the claims asserted against KHC and its officers and directors in the *Martinez* action. Lloyd's denied coverage based on the "insured vs. insured" exclusion provision. On November 9, 1992, a stipulated settlement and dismissal was entered in the *Martinez* action. Then on November 22, 1992, Lloyd's initiated the instant action, seeking a declaration that the directors and officers liability policy at issue does not afford coverage to the defendants for the claims asserted in the *Martinez* action. The defendants counterclaimed, asserting that Lloyd's denial of coverage was wrongful and sought damages, settlement costs, charges and expenses associated with defending the *Martinez* action.

### REQUIREMENTS FOR SUMMARY JUDGMENT

A "new era" for summary judgment practice has been ushered in as a result of three decisions handed down by the United States Supreme Court in 1986. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). *Street* appraised the impact of the three cases, concluding with the following principles for summary judgment practice:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: "whether the evidence presents a sufficient dis-agreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

*Street*, 886 F.2d at 1479–80.

### DISCUSSION

■ Kentucky law governs the construction of the insurance policy in this diversity action. *Eades v. Union Railway*, 396 F.2d 798, 799 (6th Cir.1968), *cert. denied*, 393 U.S. 1020, 89 S.Ct. 626, 21 L.Ed.2d 564 (1969). Since there are no relevant factual disputes, the interpretation and construction of the

insurance policy is a matter of law for the court.

 There are two cardinal rules of Kentucky insurance law. First, contracts are to be liberally construed with all doubts resolved in favor of the insureds and second exceptions and exclusions should be strictly construed to make insurance effective. *Kentucky Farm Bureau Mutual Insurance Co. v. McKinney*, 831 S.W.2d 164 (Ky.1992). Equally as important, however, are the rules that terms of an insurance policy are to be given their ordinary meanings as persons with ordinary and usual understanding would construe them, *City of Louisville, v. McDonald*, 819 S.W.2d 319, 320 (Ky.Ct.App. 1991), and that terms of an insurance policy are to be enforced as drawn, *Hendrix v. Fireman's Fund Ins. Co.*, 823 S.W.2d 937, 938 (Ky.Ct.App.1992).

Despite Kentucky's liberal policy of construing insurance policies in favor of the insured, the Kentucky Supreme Court recently held, upon certification of an issue from the Sixth Circuit Court of Appeals, that every doubt will not always be construed against the insurer. *St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward, Inc.*, 20 F.3d 690, 691–92 (6th Cir.1994). The court held:

> The rule of strict construction against an insurance company does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract. Neither should a nonexistent ambiguity be utilized to resolve a policy against the company. We consider that courts should not rewrite an insurance contract to enlarge the risk to the insurer.

*Id.* (citing *U.S. Fidelity & Guar. Co. v. Star Fire Coals, Inc.*, 856 F.2d 31 (6th Cir.1988)).

 Upon review of the Policy, there appears to be no ambiguity in the "insured vs. insured" exclusion. Further, giving the policy terms their ordinary meanings, the *Martinez* action is clearly excluded from coverage under the Policy.

 The defendants urge the Court to declare that there is an ambiguity as to whether the policy is intended to cover the breach of contract/wrongful discharge claim of a former director/officer or merely collusive and friendly suits. An insurance policy is ambiguous only when the provision to be construed is reasonably susceptible of more than one meaning. *Voluntary Hospitals of America Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 1993 U.S.Dist. LEXIS 13417, p. 4, (N.D.Tex.1993). The Policy clearly defines "directors/officers" as "any persons who *were*, now are, or shall be: (1) directors or officers of the Organization." [Record No. 20, exh. A, clause IID(1) ] (emphasis added). A reasonable interpretation of the "insured vs. insured" policy, in conjunction with the definition of "directors/officers" is not reasonably susceptible of more than one meaning. That is, the Policy explicitly defines "officers/directors" as those persons who *were* employed as officers and directors and excludes them from coverage when sued by another insured. Therefore, the Court finds no ambiguity in the exclusion provision and declines to rewrite the insurance contract to enlarge the risk of the insurer.. Hence, the plaintiff's motion for summary judgment will be granted.[2]

Accordingly,

**IT IS HEREBY ORDERED:**

(1) That the motion of the plaintiff, David J. Foster, for summary judgment [Record No. 18] be, and the same hereby is, **GRANTED.**

(2) That the motion of the defendants, Kentucky Housing Corporation, et al., for summary judgment, [Record No. 16] be, and the same hereby is, **DENIED.**

---

**2.** The Court recognizes that the unpublished Minnesota District Court opinion, *Conklin v. National Union Fire Ins. Co.*, 1987 WL 108957 (D.Minn.1987), provided by the defendants, addresses the same issue presented in the instant action, but notes that this Court is bound to interpret the contract according to Kentucky law as set forth herein which the Court believes is consistent with this Opinion.

(3) That this matter be, and the same hereby is, **DISMISSED AND STRICKEN FROM THE ACTIVE DOCKET.**

(4) That all pending motions be, and the same hereby are, **OVERRULED as MOOT.**