647 A.2d 985

ARMCO, INC., Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (MATTERN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 24, 1994.

Decided Sept. 1, 1994.

Reargument Denied Oct. 25, 1994.

274

Edward A. McFarland and William S. Evans, for petitioner.

Samuel S. Blaufeld, Pamela M. Schiller and Barbara E. Holmes, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

FRIEDMAN, Judge.

Armco, Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits to Clarence Mattern (Claimant) pursuant to sections 108(n) and 301(c)(2) of The Pennsylvania Worker's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S §§ 27.1 and 411(2). We affirm.

For approximately thirty-four years, Claimant worked as a scarfer for Employer. Within his work environment, Claimant was exposed to large amounts of dust, gases and fumes.

On July 11, 1988, Claimant filed a claim petition for workers' compensation benefits, alleging that he became totally disabled by an "occupational disease" within the coverage of section 108 of the Act. Claimant further averred that the disability was caused by lung disease and breathing problems related to exposure to dust and fumes at work. Employer responded with an answer demanding proof of the claim.

At the referee's hearing, Claimant testified as to his employment history and described certain breathing problems that began while he was working for Employer. He admitted that at one point in his life he smoked about one pack of cigarettes a day. Claimant also stated that in January of 1988, Dr. Michael Wald advised him that he was suffering from a lung disease, which was aggravated by his work environment.

Claimant offered the testimony of two medical witnesses, Dr. Wald and Dr. Nicolas Tapyrik. Dr. Wald testified that Claimant suffered from a chronic obstructive lung disease with manifestations of both chronic bronchitis and pulmonary emphysema. Dr. Wald stated that, while Claimant's condition was related to his cigarette smoking, the irritant fumes and dusts from his work environment aggravated the underlying pre-existing condition and caused an acceleration of the lung disease. Based on that opinion, Dr. Wald concluded that Claimant could no longer work as a scarfer because continued exposure to irritant fumes in the work place would continue to aggravate and accelerate Claimant's underlying condition.

Claimant's other medical witness, Dr. Tapyrik, testified that Claimant suffered from chronic obstructive pulmonary disease, severe by physiological measurement, with a primarily emphysemative component. Dr. Tapyrik stated that, while cigarette smoking was the major factor in the development of Claimant's lung disease, Claimant's occupation significantly contributed to and aggravated the underlying lung condition. Dr. Tapyrik agreed with Dr. Wald's assessment that Claimant could not return to work as a scarfer because the work environment would cause the lung disease to worsen.

Based upon the medical and other evidence adduced at the hearings, the referee found that Claimant was totally disabled as a result of work-related chronic obstructive lung disease. The referee awarded benefits for total disability pursuant to sections 301(c)(2) [1] and 108(n) [2] of the Act.

1. Section 301(c)(2) provides:
    The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable. The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by The Pennsylvania Workmen's Compensation Act. The employer liable for compensation provided by section 305.1 or section 108, subsections (k), (*l*), (m), (o), (p) or (q), shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.
    77 P.S. § 411(2).

2. Section 108 provides in pertinent part:
    The term "occupational disease," as used in this act, shall mean only the following diseases.

Employer appealed to the Board which affirmed the referee's decision, reasoning that Claimant met his burden of proof. Employer now appeals to this court[3] and asks us to determine whether the Board erred in affirming the referee's decision that Claimant was entitled to benefits pursuant to sections 301(c)(2) and 108(n) of the Act.

Employer argues that to be successful in a section 301(c)(2) claim, Claimant must establish, with competent credible evidence, that he suffers from an occupational disease and that his occupational disease resulted from an exposure during the course and scope of his employment. Employer notes that section 108 of the Act specifically enumerates the types of diseases for which recovery may be sought and includes an "omnibus" provision for occupational diseases not specifically enumerated. Employer contends that because Claimant's chronic obstructive lung disease is not one of the occupational diseases specifically listed in section 108, Claimant must meet certain evidentiary requirements to be entitled to benefits under the "omnibus" provision of subsection (n). Employer maintains that the evidence introduced during the referee's hearings failed to meet the requirements of section 108(n) and thus was legally insufficient to support a claim under section 301(c)(2) of the Act.

> (n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause, partial loss of hearing in one or both ears due to noise; and the diseases silicosis, anthraco-silicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases. 77 P.S. § 27.1(n).

3. In reviewing a decision of the Board, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact is unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Ford Aerospace v. Workmen's Compensation Appeal Board (Davis),* 83 Pa.Commonwealth Ct. 584, 478 A.2d 507 (1984).

■ We agree that to be successful in a section 108(n) claim, Claimant must prove that (1) he was exposed to the lung disease by reason of his employment, (2) the lung disease is causally related to his occupation, and (3) the incidence of the lung disease is substantially greater in Claimant's occupation than in the general population. *Fruehauf Corp., Independent Metal Div. v. Workmen's Compensation Appeal Board (Cornel)*, 31 Pa.Commonwealth Ct. 341, 376 A.2d 277 (1977).

■ To satisfy the exposure requirement, Claimant must "reasonably identify or describe the causative factors of the disease, demonstrate that the factors are significantly present in his employment, and show that he was exposed to this significant presence." *Id.* at 347, 376 A.2d at 280. Here, the referee found credible the testimonies of Dr. Wald and Dr. Tapyrik who both stated that Claimant's chronic obstructive disease is related to smoking cigarettes but is aggravated by irritant fumes which accelerates the disease process. (Referee Findings of Fact, Nos. 5 and 6.) The referee also found that Claimant was exposed to large amounts of irritant fumes in his work environment. (Referee Finding of Fact, No. 4.) Based on these findings supported by substantial evidence in the record, Claimant has satisfied the exposure requirement.

■ Under section 108(n), Claimant must also establish that his lung disease is causally related to his occupation. The evidence here establishes that Claimant's lung condition was primarily caused by his cigarette smoking and aggravated by his work environment. (Referee Findings of Fact, Nos. 4, 5 and 6.) Our Supreme Court in *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.)*, 514 Pa. 450, 525 A.2d 1204 (1987) held that such an aggravation is a work-related harm and does not preclude compensation under the Act. Based on this holding and because Claimant has proven that he was exposed to elements that clearly aggravat-

ed and worsened his condition, he has satisfied the causal relationship element of section 108(n).

Finally, Claimant must prove that the incidence of his lung disease is substantially greater in his occupation than in the general population. In *Landis v. Workmen's Compensation Appeal Board (Hershey Equipment Co.)*, 515 Pa. 41, 526 A.2d 778 (1987), our Supreme Court held that medical testimony that establishes only "a greater risk of exposure" to the alleged condition by virtue of the claimant's employment is legally insufficient to satisfy section 108(n) of the Act. The Court explained that " 'risk of exposure' is not the same as 'incidence of disease.' The first description, which merely identifies potential, is in no way equal to the latter description, which identifies actual injuries attributable to the conditions of the work place. The statute mandates proof of the latter." *Id.* at 45, 526 A.2d at 780.

Our review of the record indicates that Dr. Tapyrik did not address the extent of chronic obstructive lung disease in Claimant's occupation. Dr. Wald, on the other hand, did testify about the "risk" of aggravation of lung disease in Claimant's occupation; however, when asked whether the scarfer's occupation has a substantially greater aggravation rate of chronic bronchitis than in the general population, Dr. Wald responded, "It would be my opinion that such an occupation does subject an individual to a substantially greater *risk* of aggravating underlying chronic obstructive lung disease. The general population does not have the exposure to the irritant smoke and fumes that is present in the work of a scarfer." (R.R. at 42a–43a.) (Emphasis added.)

According to *Landis*, this testimony is legally insufficient because it establishes only that Claimant's occupation puts him at a "substantially greater *risk* " of aggravating an underlying lung disease. Thus, Claimant has failed to show that the *incidence* of his lung disease is substantially greater in his occupation than in the general population. Accordingly, because Claimant failed to meet the third prong of the *Fruehauf* test, we agree with Employer that Claimant did not sustain

his burden of proving that his disability resulted from a section 108(n) occupational disease. *See Pittsburgh Board of Education v. Workmen's Compensation Appeal Board (Perkins),* 108 Pa.Commonwealth Ct. 361, 529 A.2d 1166 (1987).

However, this failure does not preclude Claimant from receiving benefits. A work-related disease, which is not an occupational disease under section 108(n) of the Act, may nevertheless constitute a compensable "injury" under section 301(c)(1) of the Act, 77 P.S. § 411(1).[4] *See Pawlosky; Pittsburgh Board of Education.* For an injury to be compensable under § 301(c)(1) of the Act, a claimant must prove that he sustained an injury in the course of employment which is related causally to that employment. *Penn Cambria School Dist. v. Workmen's Compensation Appeal Board,* 52 Pa.Commonwealth Ct. 244, 415 A.2d 943 (1980). As previously mentioned, the referee here found that Claimant sustained an aggravating injury,[5] the inhalation of dust and fumes, in the course of his employment, and that such injury was responsible in part for Claimant's subsequent disability. These findings adequately prove the existence of a compensable injury under section 301(c) of the Act[6] and Claimant is thereby entitled to benefits.

Accordingly, we affirm the order of the Board.

4. Section 301(c)(1) provides in pertinent part:
   The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury....
   77 P.S. § 411(1).

5. A work-related aggravation of a pre-existing injury is an injury under section 301(c) of the Act.

6. We note that the form of a claim petition is not controlling where the facts warrant relief. If a claimant is entitled to relief under *any* section of the Act, then the petition will be considered as filed under that section. *Pittsburgh Board of Education.*

   Additionally, although the referee granted relief based on sections 301(c)(2) and 108(n) and we essentially find a compensable injury under section 301(c)(1), we do not need to remand to the Board for consideration of the relief to be granted because the referee's findings

## ORDER

AND NOW, this 1st day of September, 1994, the order of the Workmen's Compensation Appeal Board, dated December 20, 1993, at A92–1967, is hereby affirmed.

of fact are sufficiently detailed to allow us to conclude that Claimant has established a compensable injury under section 301(c)(1). *Id.*