ASSURANCE COMPANY OF
AMERICA Plaintiff,

v.

DUSEL BUILDERS, INC. Defendant.

No. CIV.A. 3:98CV-747-S.

United States District Court,
W.D. Kentucky,
at Louisville.

Dec. 16, 1999.

Christopher S. Burnside, Robert Y. Gwin, Laura M. Haara Brown, Todd & Heyburn, Louisville, KY, for plaintiff.

Lloyd Gregory Yopp, McCrocklin & Yopp, Louisville, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the Court on motion of the plaintiff, Assurance Company of America ("Assurance"), for summary judgment. Also before the Court is a motion by the defendant, Dusel Builders, Inc. ("Dusel"), to dismiss. For the reasons set forth below, the plaintiff's motion for summary judgment will be granted, and the defendant's motion to dismiss will be denied.

### FACTS

This declaratory judgment action arises from breach of contract claims made by Al Smith ("Smith") against Dusel in a lawsuit filed in the Shelby County, Kentucky Circuit Court in 1994. Smith contracted with Dusel for the construction of a house; Smith then claimed that the house was not completed and was not constructed in a workmanlike manner. Specifically, Smith alleged the following in his Complaint:

1. that the entire contract price for the construction of a residence was paid, but the contract was never completed;

2. that a mechanics lien was placed on Smith's property after Dusel left the job site due to unpaid accounts for materials supplied to the work site at Dusel's direction;

3. that Dusel failed to pay accounts even though Smith had paid Dusel in full;

4. that Smith had to pay additional moneys over the contract price to have the construction completed;

5. that Smith had to pay accounts to subcontractors whom Dusel had paid with checks that were returned for insufficient funds;

6. that Dusel failed to construct the house in a workmanlike manner.

Dusel requested that Assurance, its Comprehensive General Liability insurer, defend and indemnify it for any judgment in favor of Smith. Assurance is currently defending Dusel under a reservation of rights.

### STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(C). A party's failure to establish an element of proof essential to his case and upon which he will bear the burden of proof at trial constitutes a failure to establish a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Furthermore, the interpretation and construction of an unambiguous insurance policy is a matter of law for the Court. *See Foster v. Kentucky Housing Corp.*, 850 F.Supp. 558, 560-61 (E.D. Ky. 1994).

### DISCUSSION

Assurance is seeking a declaration that Dusel is not entitled to indemnification or to a continued defense in the underlying action. Under Kentucky law, the duty to defend is triggered only if an allegation within the four corners of the underlying complaint against the insured comes within the coverage of the policy. *See O'Bannon v. Aetna Cas. & Sur. Co.*, 678 S.W.2d 390, 392 (Ky. 1984). Assurance argues that Dusel is not entitled to a defense or indemnification because the pur-

pose of its Comprehensive General Liability ("CGL") policy is to provide coverage for situations where the insured's product or work injures a person or causes damage to *another* piece of property. Thus, Assurance maintains that this type of policy does not cover Smith's claims for faulty workmanship and breach of contract because those are business risk claims for which Dusel could have, but did not, purchase business risk insurance.

Dusel's CGL policy provides:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

For Dusel to be entitled to a defense and indemnification, Smith's claims must be for "property damage" as defined under the policy. The policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." Various courts have limited the types of claims and damages recoverable under such language.

In *Fuller v. United States Fidelity & Guar. Co.*, 613 N.Y.S.2d 152, 200 A.D.2d 255 (N.Y.App.Div. 1994), the plaintiff asserted six causes of action relating to the defendant contractor's performance under the contract: breach of contract, violation of fiduciary duty, negligence, and breach of warranty. The *Fuller* court held that the plaintiff's claims in the underlying action did not constitute property damage as defined by the CGL policy because a CGL policy:

does not insure against faulty workmanship in the product itself but rather faulty workmanship in the work product which creates a legal liability by causing bodily injury or property damage to something other than the work product. The policy was never intended to provide contractual indemnification for economic loss to a contracting party be-

cause the work product contracted for is defectively produced.

*Id.* at 155 (citations omitted).

In addition, "[g]eneral liability insurance policies are intended to provide coverage where the insured's product or work causes personal injury or damage to the person or property of another ... [s]uch policies are intended to protect against limited risks and are not intended to act as performance bonds ... [t]he insured, therefore, must assume the risk of the quality of its product and its work." *Ryan Homes, Inc. v. Home Indem. Co.*, 647 A.2d 939, 942, 436 Pa.Super. 342 (Pa.Super.Ct. 1994).

In *Yegge v. Integrity Mut. Ins. Co.*, 534 N.W.2d 100 (Iowa 1995), an insurer provided liability insurance to a building contractor who was sued by a homeowner for breach of contract, breach of expressed warranty of fitness for a particular purpose, breach of implied warranty, negligence, and fraud. The policy defined property damage as "physical injury to tangible property, including all resulting loss of that property ... loss of use of tangible property that is not physically injured." *Id.* at 102. The Iowa Supreme Court found that none of the homeowner's claims qualified as property damage within the policy's definition. *Id.*

In this case, Smith's claims arose from a contract dispute in which Smith alleges that Dusel is liable for faulty workmanship in the work product itself, not for bodily injury or property damage to something other than the work product. The CGL policy at issue does not cover the type of claims brought by Smith. Because no allegations of "property damage" as defined in the policy exist, Dusel is entitled to neither a continued defense nor indemnification from Assurance in its lawsuit with Smith.

■  Dusel argues that, because an underlying state court action between Smith and Dusel is ongoing, this Court should not retain jurisdiction over this coverage dispute between Assurance and Dusel. The Sixth Circuit has recognized the policy in

favor of maintaining jurisdiction over declaratory judgment actions "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

In *American States Ins. Co. v. D'Atri*, 375 F.2d 761 (6th Cir. 1967), an insurer brought a declaratory judgment action in federal court seeking a determination of its liability to its insured with regard to an underlying state court action. Reasoning that the question of coverage was intertwined with the insured's liability to the plaintiffs in the underlying action, the district court refused to exercise jurisdiction. *Id.* at 763. The Sixth Circuit reversed and remanded because "[w]hether the insurance company is contractually obligated to defend and protect D'Atri involves considerations that are not relevant to whether or not D'Atri, as a matter of tort law, is liable ..." *Id.* The court went on to note that if the insurance company's declaratory judgment petition was dismissed, the insurance company:

> must, consequently, defend a party to whom it does not believe it owes a duty, or assume the risk that that party will go defenseless - or be defended by someone whose interests are adverse to those of the company. In either event, should a judgment be rendered against D'Atri, it must expose itself to future suits for collection, or bring another declaratory judgment action, and then assert the same theory it now seeks to have vindicated.

*Id.*

No issues of fact will be developed in the state court proceeding that will be relevant to the question of whether Dusel is entitled to coverage under the policy with Assurance. Thus, this Court has the ability to resolve the coverage issue based on the record before it. The pendency of Smith's state court action against Dusel is not sufficient reason to decline declaratory jurisdiction. *See Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987) ("mere existence of a state court proceeding is not determinative of improper federal encroachment upon state court jurisdiction"). Therefore, Dusel's argument for dismissal is without merit.

Because no material issue of fact exists that would bring Smith's claim against Dusel under the coverage provided by Assurance to Dusel, Assurance is entitled to judgment as a matter of law. A separate order will be entered herein this date in accordance with this opinion.

### ORDER

Motions having been made by the plaintiff, Assurance Company of America, for summary judgment and by the defendant, Dusel Builders, Inc., to dismiss, and for the reasons set forth in the memorandum opinion entered herein this date, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion for summary judgment by Assurance Company of America is **GRANTED**.

2. The motion to dismiss by Dusel Builders, Inc. is **DENIED**.