No. 05-5949

File Name: 06a0688n.06

Filed: September 12, 2006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

R.M.D. CORPORATION,

    Plaintiff-Appellant,

        v.

CALIBER ONE INDEMNITY COMPANY,

    Defendant-Appellee.

On Appeal from the United States District Court for the Western District of Kentucky

_____/

**Before:    GUY, GILMAN, and ROGERS, Circuit Judges.**

**PER CURIAM.**    Plaintiff R.M.D. Corporation (RMD) appeals the district court's dismissal of its claims against Caliber One Indemnity Company (Caliber One). RMD alleges that Caliber One wrongfully denied RMD's insurance claim to recover damages resulting from a fire at a restaurant which floated on a barge. The single issue on appeal is whether RMD's claim was precluded by a contract term that excluded coverage for damage while property was "waterborne." We conclude that the exclusion did not apply to RMD's claim, and therefore we reverse.

### I.

The relevant facts are undisputed. RMD provides management services to several restaurants. At the times relevant to this controversy, RMD provided management services to a restaurant in Newport, Kentucky, named Remington's Roadhouse. Remington's

Roadhouse, along with two other RMD-managed restaurants, was located on the Ohio River, on a floating barge attached to shore by headwires. The barge was intended to move up and down with the water level of the river and is accessible only by walkways over the water or by boat.[1]

In 2000, RMD sought insurance coverage for 32 or 33 different restaurants it managed across the country. RMD hired an insurance agent, Gallagher Braniff, to procure insurance for all of the restaurants. Gallagher Braniff and another insurance broker, CRC, obtained an insurance policy for RMD from Caliber One effective December 31, 2000 through December 31, 2001. Among other exclusions, the policy excluded "[p]ersonal property while airborne or waterborne." Out of the 32 or 33 restaurants, the three restaurants on the Ohio River were the only ones that were located on a barge and therefore arguably waterborne. Caliber One argues that it was never told by RMD, Gallagher Braniff, or CRC that any of the restaurants named in the contract were located on a barge.

A fire occurred at Remington's Roadhouse on July 29, 2001. Payment for the reconstruction of the restaurant was made by an unrelated insurance company pursuant to a marine policy issued to Downriver Restaurant Joint Venture (Downriver), the owner of Remington's Roadhouse. RMD sought reimbursement from Caliber One for personal property damage and business interruption damages. Caliber One refused coverage because of the waterborne exclusion in the policy. RMD turned to Gallagher Braniff to pay the damages, and Gallagher Braniff paid RMD and Downriver the total amount of the loss.

---

[1]The parties dispute whether the barge was capable of transportation.

Following that payment, RMD and Downriver made an assignment to Gallagher Braniff of all claims RMD and Downriver might have under their policy with Caliber One arising out of the fire. RMD turned over to Downriver all of the proceeds from the payment by Gallagher Braniff.

RMD filed this action in December 2002 against Caliber One, seeking recovery of damages equal to the amount of benefits payable under the insurance policy.[2] Caliber One moved for summary judgment and raised two issues: (1) RMD's claims should be dismissed because RMD had no real damages to be recovered; and (2) RMD was not the real party of interest in the lawsuit. RMD also moved for summary judgment, arguing that Caliber One's policy provided coverage to RMD for the fire loss.

The district court denied RMD's motion, ruling that the waterborne exclusion precluded RMD's claim. Accordingly, the court dismissed RMD's complaint and decided that resolution of the issues raised in Caliber One's motion for summary judgment was unnecessary. RMD filed this timely appeal.

## II.

We review an order *granting* summary judgment *de novo. Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). We review an order *denying* summary judgment for abuse of discretion. *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004); *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). However, if the denial is based on purely legal grounds, then review of the denial is *de novo. McMullen*, 355 F.3d at 489; *Westfield Ins. Co.*

---

[2]Jurisdiction was based on the complete diversity of the parties.

*v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003); *Lepley v. Hartford Accident & Indem. Co.*, 334 F.3d 544, 546 (6th Cir. 2003). Summary judgment is appropriate when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A federal court exercising its diversity jurisdiction applies the substantive law of the state in which it sits. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001).

RMD argues that the term "waterborne" is ambiguous because it is open to more than one reasonable interpretation, and that RMD is entitled to the interpretation most favorable to its position. Under Kentucky law, "[w]here an exclusion is susceptible to two reasonable interpretations, the interpretation favorable to the insured is adopted." *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226 (Ky. 1994). The Kentucky Supreme Court has referred to the following two rules of insurance contract interpretation as "cardinal principles": "(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective." *Ky. Farm Bureau Mut. Ins. Co. v. McKinney*, 831 S.W.2d 164, 166 (Ky. 1992) (internal quotation marks and citation omitted). These principles do not mean, however, that insureds can create ambiguities where none exist, as the Kentucky Supreme Court has held:

> The rule of strict construction against an insurance company certainly does not mean that every doubt must be resolved against it and does not

interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract. Neither should a nonexistent ambiguity be utilized to resolve a policy against the company. We consider that courts should not rewrite an insurance contract to enlarge the risk to the insurer.

*St. Paul Fire*, 870 S.W.2d at 226-27.

The term "waterborne" was not defined in the insurance contract. Where a term is not defined in the contract, the court may refer to a dictionary definition. *Ayers v. C & D Gen. Contractors*, 237 F. Supp. 2d 764, 770 (W.D. Ky. 2002) (referring to Kentucky cases). The district court found that a consensus of dictionaries defines waterborne as, first, floating on or supported by water; second, transported or conveyed by water; third, transmitted by water, as a disease. The third definition clearly does not apply in this case. The district court concluded that "waterborne" should be construed as "floating on water," the broadest possible definition. However, the district court isolated the word "waterborne" from the rest of the language in the exclusion clause when making this determination. The exclusion in the policy is for "personal property while airborne or waterborne." The phrase as a whole implies a temporary condition, such as when the property is being transported. Terms of an insurance policy are to be given their ordinary meanings as persons with ordinary and usual understanding would construe them. *Foster v. Ky. Hous. Corp.*, 850 F. Supp. 558, 561 (E.D. Ky. 1994). By removing the term at issue from the entire clause in which it appeared, the district court failed to recognize that the ordinary understanding of the phrase "while airborne or waterborne" could be limited to property temporarily being transported through one of those media.

Consumers who purchase insurance protection are entitled to reasonable expectations of coverage. *Lewis by Lewis v. W. Am. Ins. Co.*, 927 S.W.2d 829, 833-34 (Ky. 1996) (plurality opinion). In this case, plaintiff reasonably believed it was purchasing a general liability policy covering the restaurant in question. Although defendant argued that it was unaware that three of the restaurants listed in the policy were located on a barge, it should be noted that the named insureds on the policy included "Newport Barge Joint Venture," "Newport Barge A., Inc.," and "Newport Barge B, Inc." Although defendant refunded the portion of the premiums paid for the three restaurants on the barge, plaintiff was deprived of its reasonable expectation of coverage for fire loss under the policy. Finally, the risk of loss of the type incurred in this case, a fire, was not greater because the restaurant was located on a barge.

Although other grounds for summary judgment were raised by Caliber One and briefed by both parties before the district court, the court did not reach them. We leave it to the district court to consider those issues in the first instance, and we express no opinion as to their proper outcome.

For the reasons stated above, we **REVERSE** the judgment of the district court and **REMAND** this matter for further proceedings consistent with this opinion.